[No. 13919.   Department Two. — January 13, 1891.]

ROBERT McFADDEN ET AL., RESPONDENTS, *v.* THE
SANTA ANA, ORANGE, AND TUSTIN STREET
RAILWAY COMPANY, APPELLANT.

NEGLIGENCE — INJURY TO WIFE — CONTRIBUTORY NEGLIGENCE OF HUS-
BAND. — Contributory negligence of the husband is imputable to the
wife, and will prevent a recovery by-her for injuries sustained by the
alleged negligence of a third party.

ID. — DAMAGES FOR PERSONAL INJURY. — CHOSE IN ACTION — HUSBAND AND
WIFE — COMMUNITY PROPERTY. — The right to recover damages for a
personal injury, as well as the money recovered as damages, is property,
and may be regarded as a chose in action; and if acquired by the wife

during marriage, is community property, which the husband has the right to control.

ID. — ACTION FOR DAMAGES — PARTIES — HUSBAND AND WIFE. — The husband is a necessary party to an action for damages on account of injuries to the wife's person.

ID. — EVIDENCE — CROSS-EXAMINATION — INJURY — SUMMONING PHYSICIAN. — Where the plaintiff has testified upon direct examination as to the injury suffered by her and the pain immediately resulting therefrom, she may be asked on cross-examination as to whether she called a doctor that night.

ID — EXPERT EVIDENCE — CONSULTATION OF PHYSICIANS — CROSS-EXAMINATION AS TO CONCLUSION AND TREATMENT. — Where a physician, as an expert, has testified in chief that he visited the plaintiff about two weeks after the injury, and held a consultation with the attending physician, and that he examined the patient as to her condition and the probable causes of her ailments, it is proper cross-examination to ask what they determined was the serious thing to attend to, and what was the treatment advised.

EVIDENCE — RANGE OF CROSS-EXAMINATION. — The cross-examination of a party, or of an expert, should be allowed a liberal range, touching all matters testified to in chief, or tending to test the temper, bias, motives, intelligence, accuracy, credibility, or means of knowledge of the witness.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Victor Montgomery*, and *O. Caswell*, for Appellant.

*Charles S. McKelvey*, and *H. T. Matthews*, for Respondents.

VANCLIEF, C. — Action for damages alleged to have been sustained by a personal injury to the wife alone, through the negligence of defendant.

On May 26, 1888, the defendant was a corporation owning and operating a street-railroad running east and west through the center of Fourth Street, in the city of Santa Ana, in Los Angeles County. On that day it caused an excavation to be made in that street about six feet wide, fifty feet long, and ten inches in depth, on the north side of the railway, parallel with it, and about six feet from it, for the purpose of constructing a switch or

LXXXVII. CAL.—30

turn-out, to be connected with the main railway, and
for the construction of which it had permission from the
city authorities.

It is alleged in the complaint that the excavation was
dangerous to travelers on the street during the night-
time, unless properly guarded and lighted, and that it
was the duty of the defendant to guard and light it, so as
to warn travelers of the danger, etc., which the defendant
neglected to do on the night of May 26, 1888.

The complaint then proceeds as follows:—

" That on, to wit, the twenty-sixth day of May, 1888,
the plaintiffs herein were lawfully driving along the
same, and they, the plaintiffs, had no warning of or
notice of the existence of the aforesaid excavation and
obstructions, and they, the plaintiffs, saw no lights or
barriers about the said excavation and obstructions, and
without any fault of either of the plaintiffs, they, the
plaintiffs, came in collision with the said obstructions,
and were *drawn* over the same into the *excavation* afore-
said, whereby Flora McFadden sustained great injuries
in her person, and internal injuries by which her womb
was displaced, and by reason of said injuries to her per-
son, and said internal injuries, she was confined to her bed
for many months, and endured great *physical* and *mental
suffering*. Her health is injured and impaired thereby,
and the plaintiffs are informed and believe that the in-
juries sustained by Flora McFadden, in her person and
to her health, are permanent and for life, and that the
same were caused by the gross negligence, default, and
carelessness of the defendant herein, by reason of all
which the plaintiffs are damaged in the sum of twelve
thousand dollars."

The answer of the defendant denies the alleged inju-
ries to the plaintiff Flora, denies the alleged negligence
on its part, and alleges contributory negligence on the
part of the plaintiffs.

The case was tried by a jury. Verdict and judgment

for the plaintiffs for one thousand dollars. The defendant appeals from the judgment, and from an order denying its motion for a new trial.

The principal question for decision arises upon instructions to the jury as to the effect of contributory negligence, if any there was, on the part of the husband alone.

At the request of the plaintiff, the court instructed the jury that if they found that the plaintiff Flora was injured by the negligence of the defendant, without any negligence on her part, and that the negligence of her husband, if any, only contributed to the injuries, the jury could not attribute the husband's negligence to her, and should assess such damages as will compensate her for injuries proximately caused by the negligence of the defendant. And again: "If you find, from the evidence, that the negligence of Robert McFadden, if any, only contributed to the injury complained of, if any was sustained, his negligence cannot be imputed to Flora McFadden, and must not be regarded as her negligence."

Defendant's counsel excepted to these instructions, and requested the court to instruct the jury that contributory negligence of the husband, if any, was imputable to the wife, and, under the circumstances of this case, would prevent a recovery; which the court refused to give.

I think the court erred in giving these instructions, and in refusing to instruct, substantially, as requested by the defendant's counsel. (*Peck* v. *N. Y. etc. R. R. Co.*, 50 Conn. 379; *Carlisle* v. *Sheldon*, 38 Vt. 440; *Huntoon* v. *Trumbull*, 2 McCrary, 314; Beach on Contributory Negligence, 113, 114, 284.)

The right to recover damages for a personal injury, as well as the money recovered as damages, is property, and may be regarded as a chose in action (*Chicago etc. R. R. Co.* v. *Dunn*, 52 Ill. 260; 4 Am. Rep. 606; Anderson's Law Dict.); and if this right to damages is acquired by

the wife during marriage, it, like the damages when recovered in money, is, in this state, community property of the husband and wife (Civ. Code, secs. 162–164, 169), of which the husband has the management, control, and absolute power of disposition other than testamentary. (Civ. Code, sec. 172.) Consequently, the wife cannot sue alone for damages on account of an injury to her person, as she is permitted to do "when the action concerns her separate property." (Code Civ. Proc., sec. 370; *Tell* v. *Gibson*, 66 Cal. 247.) In these respects, our codes differ from the laws of those states in which the cases cited by appellants were decided, wherein the right to recover for a personal injury to the wife, and the money recovered, are deemed her separate property. In the case of *Flori* v. *City of St. Louis*, 3 Mo. App. 231, the husband and wife sued for a personal injury to the wife alone, and the trial court instructed the jury, in effect, that if the husband was guilty of negligence directly contributory to the injury there could be no recovery in the action. Of this instruction the appellate court said: "We do not so understand the law. The contributory negligence of the plaintiff will bar a recovery, where the plaintiff is the injured party, and the recovery is for his benefit. But here the husband is merely a formal party, the cause of action belonging to the wife. Under our law (Acts 1875, p. 6) "any property, including rights in action, . . . . which has grown out of any violation of the personal rights of a *feme covert,* is her separate property, and under her sole control, and is not liable for the debts of her husband."

In *Platz* v. *Cohoes*, 24 Hun, 101, the decision that the negligence of the husband could not be imputed to the wife, in a case like this, was put solely upon the grounds that the wife was a mere passenger in her husband's wagon, and that her husband had no *joint interest with her, and was in no way identified with her.* On appeal from this decision of the supreme court, the court of ap-

peals held that the question as to contributory negligence of the husband did not arise, and declined to decide it. (*Platz* v. *Cohoes*, 89 N. Y. 219.)

In the case of *Chicago etc. R. R. Co.* v. *Dunn*, 52 Ill. 260; 4 Am. Rep. 606, it was held that the right of the wife to sue for an injury to her person was her separate property, under a statute of that state providing that all property shall be separate property of the wife "which any married woman, during coverture, acquires in good faith, from any person other than her husband, by descent, devise, or *otherwise.*"

In Shearman and Redfield on Negligence, 4th ed., section 67, it is said: "But in New York, Missouri, and other states, where the change has been radical, and married women have a right to recover, in such cases, damages *for their own separate use*, it is held that the negligence of the husband while in company with his wife is not chargeable to her, unless she encouraged him in it, or otherwise concurs in it." No other authority is cited for this than the cases above considered.

2. The appellant's counsel complain that the scope of their cross-examination of plaintiff's witnesses was too much restricted by the court. Of the numerous exceptions taken on this ground, I think the following should be sustained:—

1. After the plaintiff Flora had testified on behalf of plaintiffs as to the injury, and the pain suffered by her immediately thereafter, defendant's attorney, on cross-examination, asked the following questions:—

Q. "Well, you was conscious, wasn't you?"

A. "I was conscious of a very severe pain."

Q. "Well, you went home that night, and didn't call a doctor?"

*Mr. McKelvey.*—"We object. I dont think it responsive to the direct examination."

The court sustained this objection, and the defendant's counsel excepted.

2. Dr. Ball, as an expert, testified in chief, on the part of the plaintiffs, that he visited the plaintiff Flora about two weeks after the injury, in consultation with Mrs. Dr. Howe, the attending physician, and further testified that he examined the patient as to her condition at that time and as to the probable causes of her ailments. On cross-examination, defendant's counsel asked the following questions:—

Q. "You had a consultation, then, did you?"

A. "Yes, sir."

Q. "What was the determination by you and the attending physician as to what was the serious thing to attend to?"

*Mr. Brusseau.* — "I object to the evidence, for the reason that the same is immaterial and incompetent."

The court sustained this objection, and defendant's counsel excepted.

3. Counsel then asked Dr. Ball what was the treatment advised then (at the consultation). The objection to this question, on the grounds that it was immaterial, incompetent, and irrelevant, was sustained by the court, and counsel excepted.

That all these questions were in the proper line of cross-examination, and that each of them might have elicited testimony which would have been competent, relevant, and material, seems too plain for argument. One of the witnesses being a party testifying on her own behalf as to the pain she suffered,—a matter as to which it would have been difficult to contradict her, — and the other testifying as an expert medical witness, their cross-examination should have been allowed a liberal range touching all matters testified to in chief, or tending to test the temper, bias, motives, intelligence, accuracy, credibility, or means of knowledge of the witness.

Whether or not these errors, in excluding proper cross-examination, may have been prejudicial to the defendant, need not be determined, since the judgment should

be reversed on the ground of error in the instructions to the jury.

Other points are made by counsel for appellant, but, in my opinion, the record shows no other errors than those above considered.

I think that the judgment and order should be reversed, and the case remanded for a new trial.

FOOTE, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and the case remanded for a new trial.

Hearing in Bank denied.