[Civ. No. 7870.   First Appellate District, Division Two.—September 1, 1931.]

ALBERT H. WESSLING, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

Charles A. Wetmore, Jr., and Treadwell, Van Fleet & Laughlin for Appellant.

Dozier & Kimball, Christian F. Kimball and Thomas B. Dozier for Respondent.

NOURSE, P. J.—In addition to the errors noted in the foregoing decision (Civ. No. 7869, *ante*, p. 447 [3 Pac. (2d) 22]) the appellant in this case complains of the application to him of the rule of imputed negligence.

The facts upon which this defense rested are simple. This appellant and his deceased brother were ministers, the appellant located in the city of Lodi and the deceased in the city of Richmond. While appellant was a guest in his brother's house the two prepared some tracts to be used at a forthcoming convention of Sunday school teachers. They left the brother's house together, entered an automobile owned jointly by the brother and his mother, and were on their way to the Richmond postoffice to mail the tracts when the collision occurred. The deceased brother drove the car throughout the journey, and selected the route traveled. There is no evidence that this appellant had any control or right of control over his brother's operation of the car at any stage of the journey to the postoffice. The theory

of joint adventure rests solely on the fact that they were both riding together to the postoffice to place these tracts in the mail.

The trial court instructed the jury that if they found that the brothers united in a joint enterprise, "and that they were, at the said time of said accident, utilizing the automobile in which they were riding as an agency for the furtherance of such enterprise and each had an equal voice in the management of such agency, then the negligence of the driver may be imputed to this appellant and the verdict must be for the defendants in both cases". As we have said, there was not the slightest evidence of "an equal voice in the management of the agency", hence this issue was improperly submitted to the jury. ▆▆ But, aside from this, the language of the instruction is a too loose application of the doctrine of imputed negligence by reason of a joint adventure.

▆▆ It is true that the decisions are not in accord as to what constitutes a joint adventure, but there is no inharmony in the decisions of this state that "the passenger must exercise some control over the driver, or, in law, may be said to possess the right of such control". (*Pope* v. *Halpern,* 193 Cal. 168, 174 [223 Pac. 470, 473], citing *Bryant* v. *Pacific Elec. Ry. Co.,* 174 Cal. 737 [164 Pac. 385], and *St. Louis etc. Ry. Co.* v. *Bell,* 58 Okl. 84 [L. R. A. 1917A, 543, 159 Pac. 336].) And the court says: "It will be seen from these two decisions that in order that there be such a joint enterprise it is not sufficient merely that the passenger of the machine indicate the route, or that both parties have certain plans in common, such as a 'joy ride', but the community of interest must be such that the passenger is entitled to be heard in the control and management of the vehicle. . . . The better view is expressed by *Nonn* v. *Chicago City Ry. Co.,* 232 Ill. 378 [122 Am. St. Rep. 114, 83 N. E. 924]: 'There can be no such thing as imputable negligence, except in those cases where such a relation exists as that of master and servant or of principal and agent. In order that the negligence of one person may be properly imputed to another, they must stand in such relation of privity that the maxim, *"Qui facit per alium facit per se,"* directly applies.' Indeed, no other rule is consistent with section 1714 of the Civil Code, wherein it is declared that every one is respon-

sible for an injury occasioned to another by his want of ordinary care 'except so far as the latter has, willfully or by want of ordinary care, *brought the injury upon himself.*' " (Italics ours.)

To the same effect is *Thompson* v. *Fitzgerald*, 205 Cal. 563, 567 [271 Pac. 1072], and *Kokish* v. *Price*, 136 Minn. 304 [23 A. L. R. 643, 161 N. W. 715], where the Minnesota court says: "The rule is founded on the theory of partnership, or a relation akin to partnership. . . . The question is, were they in joint control of the instrumentality that caused the injury? That is, in this case, were they jointly operating or controlling the movements of this automobile at the time of the collision? (29 Cyc. 543.)" The true rule in this state, as we understand it, is that where there is nothing in common between the passenger and the driver of the vehicle except a common destination and a common purpose in going there the negligence of the driver is not to be imputed to the passenger but the passenger must control or have some legal right to control the actions of the driver in the operation of the vehicle. With no evidence that the appellant did control or that he had any legal right to control the actions of the driver in this instance the doctrine of imputed negligence was a false issue and the question of the contributory negligence of this appellant should have been left with the jury upon the well-settled rules defining the responsibility of a guest riding in a vehicle driven by another found in *Marchetti* v. *Southern Pac. Co.*, 204 Cal. 679, 681, 682 [269 Pac. 529], *Cate* v. *Fresno Traction Co.*, 213 Cal. 190 [2 Pac. (2d) 364], and *Williamson* v. *Fitzgerald et al., ante*, p. 19 [2 Pac. (2d) 201], where numerous authorities are cited.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 1, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 29, 1931.