[Civ. No. 8743. Second Appellate District, Division One.—March 8, 1935.]

MARGARET MORRISSEY, Respondent, v. O. A. KIRKE-LIE, Appellant.

W. I. Gilbert, Kenneth Keeper and W. I. Gilbert, Jr., for Appellant.

LeRoy M. Edwards, M. M. Sattinger and O. C. Sattinger for Respondent.

SHINN, J., *pro tem.*—This is an appeal by defendant in an automobile collision case. ■ The only question is one of imputed negligence. Plaintiff rode from Los Angeles to Ventura in an automobile belonging to and driven by her fiance. In Ventura they filed a notice of intention to marry, having made the trip for that purpose. On the way home they collided with another automobile. Plaintiff did not drive or control or direct the driving of the car—in fact did not know how to drive. The court declined to instruct the jury on the doctrine of joint enterprise and imputable negligence upon the ground that under the undisputed facts the negligence of the driver could not be imputed to plaintiff. This ruling is urged as a ground for reversal of the judgment. The question is not an open one in this state. ■ The negligence of an automobile driver is not to be imputed to a passenger who has no control over the car in fact and who does not bear such a relation to the use of the vehicle as to warrant the assumption that he is jointly engaged with the driver in the operation thereof. The fact that they have a common purpose in making the trip is not, alone, sufficient. It is unnecessary to discuss the authorities further than to say that they uniformly adhere to this rule. (*Bryant* v. *Pacific Electric Ry. Co.,* 174 Cal. 737 [164 Pac. 385]; *Pope* v. *Halpern,* 193 Cal. 168 [223 Pac. 470]; *Wessling* v. *Southern Pacific Co.,* 116 Cal. App. 455 [3 Pac. (2d) 25], and cases cited therein.) ■ The further point is urged that the negligence of the driver is imputable to plaintiff because they were husband and wife at the time of trial. Plaintiff's recovery is not community property since her rights thereto accrued before marriage. The rule that negligence of a husband is imputable to his wife does not apply here.

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 6, 1935.