Argued September 11; affirmed November 6;
rehearing denied December 12, 1945

SCOTT *v.* PLATT ET AL.

(163 P. (2d) 293, 164 P. (2d) 255

Before BELT, Chief Justice, and ROSSMAN, KELLY, LUSK, BRAND and HAY, Associate Justices.

*William J. Pendergast, Jr.* and *Leo Levenson,* both of Portland, for appellant.

*Wilber Henderson,* of Portland, for respondents.

ROSSMAN, J.

This is an appeal by the plaintiff from a judgment upon the pleadings entered by the circuit court adverse to the prayer of a petition filed by the plaintiff. The purpose of this proceeding is to charge the interest of

the defendant, Robert Treat Platt, in a partnership of which he is a member, with the payment of a judgment in the sum of $3,500, plus interest, costs and disbursements, which was entered against him and in favor of the plaintiff January 9, 1942. That judgment was affirmed in *Scott v. Platt,* 171 Or. 379, 135 P. (2d) 769, 137 P. (2d) 975. The proceeding now under review was instituted pursuant to § 79-505, O. C. L. A., (§ 28 of the Uniform Partnership Act) which provides that a court may, upon an application made by a judgment creditor of a partner, charge the latter's interest in any partnership of which he is a member with the payment of the judgment debt. It authorizes the court in such a proceeding to appoint a receiver of the judgment debtor's share in the partnership and make whatever orders, accountings and directions are necessary so that the interest may be converted into cash and applied upon the judgment debt.

The plaintiff filed the aforementioned petition in the original action of *Scott v. Platt.* The petition, after averring that the defendant and Wilber Henderson, Harold J. Warner and Edward T. Cram were partners engaged in the practice of the law under the firm name of Platt, Henderson, Warner and Cram, alleged the entry of the afore-mentioned judgment against Platt. It stated that a writ of execution was issued March 10, 1942, accompanied with a notice of garnishment directed to the partnership. According to the petition, the partnership made a return as follows:

"At the time of the Service of said Notice of Garnishment upon Wilber Henderson, one of the partners, on the 10th day of March, 1942, at 9:20 o'clock in the forenoon of said day, there was in the hands or controlled by the partnership, no property, money, debts, rights, dues, or credits due or to be-

come due belonging or owing to the defendant, Robert Treat Platt, named in the said Notice of Garnishment, except said Robert Treat Platt's interest in the assets of the partnership of Platt, Henderson, Warner and Cram, of which he is a co-partner.''

The petition next avers:

''Said execution has been duly returned by said Sheriff wholly unsatisfied.''

Continuing, the petition says that Platt

''has no property subject to execution other than his interest in said partnership, * * * after an adjustment of the equities between said partners and payment of their debts and obligations, there will be many thousands of dollars left as the interest of said Robert Treat Platt in the said partnership * * * . By virtue of the terms and provisions of Sec. 79-502, O. C. L. A., Uniform Partnership Act, no levy can be made on the said interest of said Robert Treat Platt in the said partnership * * * .''

The prayer of the petition seeks an order requiring ''said Platt, Henderson, Warner and Cram to show cause why a judgment and decree should not be rendered'' (1) charging the interest of Platt in the partnership with the payment of the aforementioned judgment, and (2) granting a receivership and such orders, directions and inquiries as may be necessary to convert Platt's interest into cash and apply it upon the judgment debt.

The petition does not claim that the plaintiff excepted to the sheriff's return upon the writ of execution, nor that he embraced the procedure outlined in §§ 7-209 to 7-226, inc., O. C. L. A., for the purpose of securing a judicial determination of the verity of the certificate filed by the garnishee.

After the filing of the petition, the circuit court issued the desired order.

The defendant made a return to the petition (1) that the court lacked jurisdiction; (2) that on July 2, 1943, he filed in the United States District Court a voluntary petition in bankruptcy and included in a schedule which accompanied it a listing of the plaintiff's judgment and in another schedule a listing of all of the defendant's property. On the same day the United States District Court entered an order which adjudged the defendant a bankrupt. (3) that July 2, 1943, the plaintiff "had not subjected any property belonging to the answering defendant to attachment, levy or any other process of court whatsoever whereby plaintiff * * * held any lien or preferential right against any of the property of the answering defendant * * * ." (4) That on March 10, 1942, the plaintiff caused a writ of execution to be issued and a notice of garnishment "to be served upon Wilber Henderson, as a member of the firm of Platt, Henderson, Warner and Cram. That thereafter, and on the 13th day of March, 1942, the said Wilber Henderson made answer to the Sheriff of Multnomah County, Oregon, to the effect that Platt, Henderson, Warner and Cram had no property in its or their possession or under its or their control belonging or owing to the defendant, Robert Treat Platt, except that said Robert Treat Platt was a member of the firm or partnership of Platt, Henderson, Warner and Cram; that subsequent thereto and within sixty days time, in pursuance of § 6-1103, O. C. L. A., the Sheriff returned said execution wholly unsatisfied." (5) That on April 22, 1943, the plaintiff procured a second writ of execution to be issued and a notice of garnishment to be served upon Wilber Hen-

derson; "the partnership made return to the effect that it had no property or assets in its possession belonging to the defendant, Robert Treat Platt, excepting that said Robert Treat Platt was a member of said partnership; that said writ of execution was issued and a notice of garnishment served within four months prior to the date the answering defendant was adjudged a bankrupt." We shall omit the sixth and seventh averments, they being the last two.

The return made by Henderson, Warner and Cram alleged that (1) since none of them were parties to the action, "the Court is without jurisdiction over them, or any of them"; (2) the court possessed no power to require any of them to do any of the things mentioned in the order to show cause; (3) the court lacked jurisdiction to award any judgment or decree against the three responding parties.

Following the filing of the returns, the plaintiff moved to strike from the defendant's return some of its allegations, which motion was denied. We shall revert to it later. After its denial, Henderson, Warner and Cram joined in a demurrer which was overruled. Then came the motion for judgment on the pleadings, which was sustained.

From the foregoing it will be seen that: The defendant is a member of a firm entitled Platt, Henderson, Warner and Cram; the plaintiff, on January 9, 1942, become the judgment creditor of the defendant; July 2, 1943, the defendant was adjudged bankrupt; March 10, 1942, more than four months prior to the adjudication of bankruptcy, a writ of execution was issued; accompanying the writ of execution was a notice of garnishment which brought forth from the partnership a certificate that the partners possessed nothing

belonging to the defendant; the sheriff returned the writ of execution "wholly unsatisfied"; the return, like the garnishee's certificate, was not challenged by the plaintiff; within four months of the adjudication of bankruptcy another writ of execution was issued and another notice of garnishment was served upon the partnership; the return to the second writ and the certificate of the garnishee were similar to the ones just described.

Section 25 of the Uniform Partnership Act, which is § 79-502, O. C. L. A., says:

"(1) A partner is co-owner with his partners of specific partnership property, holding as a tenant in partnership.
"(2) * * *."

Section 79-203, O. C. L. A., (§ 8 of the Uniform Act) reads thus:

"(1) All property originally brought into the partnership stock or subsequently acquired by purchase or otherwise, on account of the partnership, is partnership property.
"(2) * * *."

The following is § 79-503, O. C. L. A., (§ 26 of the Uniform Act):

"A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property."

Section 79-505, O. C. L. A., (§ 28 of the Uniform Act) follows:

"(1) On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and

may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accountings and inquiries which the debtor partner might have made, or which the circumstances of the case may require. "(2) * * * ."

Section 79-603, O. C. L. A., (§ 31 of the Uniform Act) provides:

"Dissolution is caused:

(1) Without violation of the agreement between the partners, * * *

(c) By the express will of all the partners who have not assigned their interests or suffered them to be charged for their separate debts, either before or after the termination of any specified term or particular undertaking,

(d) * * * ."

■ As will be observed from the review of the pleadings which we made in a preceding paragraph, this proceeding is based upon § 79-505, O. C. L. A., which is § 28 of the Uniform Act. We quoted every part of that section material to this proceeding. It specifies a simple, effective method whereby a judgment creditor of a partner may have the latter's interest in the partnership applied upon the judgment debt. The operation of § 79-505 is not dependent upon whether or not a writ of execution, a notice of garnishment or any like process was procured. Whether the judgment creditor obtained the issuance of a writ of execution or had a notice of garnishment served upon someone is wholly immaterial to § 79-505. The procedure inaugurated by that section of our laws is not in aid of execution, attachment or garnishment; nor does it constitute a means whereby a lien may be foreclosed.

From what has just been said, it must be apparent that, in our opinion, it was wholly unnecessary for the plaintiff to have procured the issuance of a writ of execution and the service of a notice of garnishment before he instituted this proceeding. However, it will be recalled that before the petition in this cause was filed, the defendant was adjudged a bankrupt by the Federal District Court, and that the first writ of execution was issued March 10, 1942, more than four months before the adjudication of bankruptcy was entered. The plaintiff cites 107 Title 11 U. S. C. A., and claims that by virtue of that statute the writ of execution won for him a preferential lien upon the defendant's interest in the partnership of Platt, Henderson, Warner and Cram. He argues that the alleged preferential lien authorizes him to pursue the remedy created by § 79-505, and seems to deem the proceeding as one for the foreclosure of the alleged lien.

Notwithstanding the views expressed above concerning the nature of the proceeding authorized by § 79-505, we shall continue as though a proceeding of this kind is not sui generis, but can be employed to aid a levy made under a writ of execution.

By reverting to our review of the pleadings, it will be seen that the petition itself alleges that the sheriff returned the writ of execution which was issued March 10, 1942, "wholly unsatisfied". The second writ was issued April 22, 1943. Both writs were accompanied with notices of garnishment, and the notices brought forth from the garnishee the certificates which we have fully mentioned. Had the plaintiff been dissatisfied with the certificates, §§ 7-209 to 7-226, inc., O. C. L. A., afforded him adequate means for obtaining needed corrections. But the plaintiff did not embrace

that remedy. It is our belief that the certificates returned by the firm were not of the kind contemplated by § 7-209, O. C. L. A., and were nothing more than an acknowledgment that the defendant was a member of the firm. Under the circumstances, they yielded no liens to the plaintiff.

October 4, 1944, being one year and six months after the issuance of the second writ of execution and two years and seven months after the issuance of the first, the plaintiff filed the petition which commenced the present proceeding. As we have already pointed out, the proceeding which was instituted by the petition is in no way related to the writ of execution or to the notice of garnishment. It is independent of both. We believe that the course which the plaintiff pursued, that is, his failure to have challenged the certificates returned by the garnishee, his procurance of a second writ of execution, and, finally, his institution of the proceeding now under review, constituted an abandonment of the levy under the first writ of execution, if, in fact, any levy whatever resulted from that writ. We think that none resulted. We take the following from *Marks v. Willis*, 36 Or. 1, 58 P. 526, 78 Am. St. Rep. 752:

"But no attempt was made to enforce the first execution, and when it was returned unsatisfied it ceased to perform any office in the case except as the basis of the subsequent issuance of an alias writ."

From 33 C. J. S., Executions, § 137, at page 310, we quote:

" * * * but it has been held that where plaintiff, after the levy of his writ, abandons it and sues out an alias writ, the benefit of the first levy is lost."

See to the same effect 23 C. J., Executions, § 372.

Therefore, since the plaintiff abandoned the levy made by the first writ—assuming that any levy whatever was made by that writ—and since the second was followed within four months by the adjudication of bankruptcy, it follows that the purported preferential lien has not been established.

■ The plaintiff cites § 79-603, O. C. L. A., (§ 31 of the Uniform Act) in support of a contention that "when the writ of execution and garnishment was served the co-partnership dissolved as a matter of law, and thereupon the co-partnership was charged with appellant's lien." We quoted the material parts of § 79-603 in a preceding paragraph, and by reverting to the quotation it will be seen that that section of our laws says:

"Dissolution is caused:

(1) Without violation of the agreement between the partners, * * *

(c) By the express will of all the partners who have not assigned their interests or suffered them to be charged for their separate debts, * * * ."

The quoted language, unlike the plaintiff's contention, does not employ the term "as a matter of law", but renders dissolution, under the circumstances stated, dependent upon "the express will of all the partners who * * * ." We construe § 79-603 as conferring upon the partners who have not assigned their interests, and who have not suffered them to be charged with their separate debts, the privilege of dissolving the partnership if a co-partner assigns his interest or permits it to be charged with his debts. The same interpretation has been placed upon a like provision of the English Partnership Act of 1890. See *Brown v. Hutchinson,* 2 Q. B. 126. We are satisfied that the contention

of the plaintiff now under consideration is without merit.

The plaintiff's (appellant's) brief says:

"Appellant concedes that if he did not acquire a lien on March 10, 1942, then Platt's adjudication in bankruptcy on July 2, 1943, terminates this case."

The foregoing analysis of the facts satisfies us that the plaintiff possessed no lien on the defendant's interest in the partnership.

■ We mentioned the fact that the plaintiff moved to strike from the defendant's return some of its averments. He did not, however, move to strike the parts which stated that the defendant was adjudged a bankrupt July 2, 1943. Hence, that averment stands unchallenged. The motion to strike, however, included the fifth paragraph of the defendant's return which we quoted in a preceding paragraph. The attack upon the fifth paragraph claimed that it was "irrelevant and redundant." Since, as we have indicated, the issuance of the second writ of execution constituted an abandonment of the purported levy under the first, the fifth paragraph was not irrelevant. Therefore, the court did not err when it denied that part of the motion. The other averments of the return, attacked by the motion, are immaterial to the issues decided and, hence, it is unnecessary to review the motion further.

It follows from the above that it is unnecessary for us to determine whether § 79-505, O. C. L. A., (§ 28 of the Uniform Act) constitutes the sole means whereby a judgment creditor of a partner may realize upon the latter's interest in the partnership assets or merely takes its place beside the means previously provided by law. Likewise, it is unnecessary for us to decide the

corollary of that proposition; that is, whether since the enactment of the partnership law a partner's interest is subject to execution, attachment or garnishment. Hence, we expressly refrain from deciding those questions.

It follows from the above that the circuit court's record is free from error. The attacked judgment is, therefore, affirmed.

Petition for rehearing denied December 12, 1945

### On Petition for Rehearing
#### (164 P. (2d) 255)

ROSSMAN, J.

There is before us a petition for a rehearing. From the petition, we quote as follows:

"Comes now the appellant, and respectfully petitions the Court for a rehearing, on the following ground and for the following reasons:

"(1) The Court erred in holding that a creditor who is satisfied with the return made by a garnishee is required nevertheless to except thereto, in order to maintain a lien.

"(2) The Court erred in holding that no lien was created when the writ of garnishment was served and when the partnership acknowledged the debtor as having an interest therein."

■ We do not believe that the mere fact that a creditor "is satisfied with the return made by a garnishee" requires a court to hold that the creditor obtained a lien upon the debtor's goods. The rights of other creditors, and possibly of other persons, must also be considered. In the present instance, if the creditor (plaintiff) obtained a lien through service of the notice of garnishment, it is impossible to know upon what the lien attached. The return made by Mr. Henderson

mentions no specific items of property. Its closest approach to mention of anything is "the assets of the partnership of Platt, Henderson, Warner and Cram." Whether those assets consisted of real or personal property is not stated in the return. Manifestly, if they are real property, the notice and return won for the plaintiff no lien. We again express the belief that Mr. Henderson's return to the notice of garnishment yielded no lien, and that it amounted to virtually nothing except an acknowledgment that Platt was a member of the firm of Platt, Henderson, Warner and Cram. Had the plaintiff desired to win a lien, and thus affect the rights of others, he should have challenged the return by availing himself of the remedies held out by §§ 7-209 to 7-226 O. C. L. A.

The petition for a rehearing says:

"We sincerely believe the Court, by its opinion, has created a 'no man's land' in so far as it pertains to the garnishment of an interest of a copartner. As we interpret the opinion, a creditor of an individual partner is without remedy or recourse unless and until he obtains a judgment and then proceeds, under Sec. 79-505, O. C. L. A., for the appointment of a receiver, and until that event occurs there can be no garnishment against his interest in the firm, either at the time of instituting suit, or after judgment.

"The bar, as well as the business community, should be entitled to know if the Court has in fact created a 'no man's land' in so far as an individual debtor is concerned."

We fear that the appellant has misread our opinion. When we wrote the latter we considered the very situation depicted in the above-quoted language. We observed that § 23 of the English Partnership Act, 1890,

which was used as the pattern for § 28 of our Uniform Act, started with this sentence:

"(1) After the commencement of this Act a writ of execution shall not issue against any partnership property except on a judgment against the firm."

See 7 U. L. A., p. 78. Those words, for some reason which we have not been able to discover, were abandoned when § 28 was written. Since the issues before us did not call directly for a determination as to whether or not a partner's interest is subject to attachment and garnishment, we expressed no opinion whatever upon the subject. So far as our decision is concerned the issue is an open one.

The petition for a rehearing is denied.