STEPHENS, J.
 

 Plaintiff Lyle Finley was the driver and plaintiff Ruth Hershey was a passenger in an automobile which collided with another car driven by'defendant. Plaintiffs brought this action alleging negligence on the part of defendant, and the latter answered alleging contributory negligence on the part of driver Finley, and also filed a cross-complaint. The case was tried by the court without a jury, findings were waived, and judgment was that neither plaintiffs nor defendant recover judgment for damages. Plaintiffs appeal. Sometime after the accident and after filing of the complaint, but before trial, plaintiffs Finley and Hershey intermarried.
 

 It appears from the settled statement that after trial and submission, the following “opinion” was rendered by the trial judge on November 22, 1949 :
 

 “The court finds from all the circumstances and from the evidence given at the trial of this case, that the operators of both vehicles were each guilty of negligence which contributed to the happening of the accident in question.
 

 “The plaintiff Ruth Hershey, now being the wife of the plaintiff Lyle V. Finley, his negligence is imputed to her, which also bars her recovery.
 

 “The judgment will therefore be: That the plaintiffs will take nothing by reason of their complaint on file herein and that defendant will take nothing by reason of his cross-complaint on file herein. Neither party to recover their costs of court. See 2 Cal. Jur. Supp. 610.”
 

 Two problems are presented upon this appeal: (1) may this “opinion” of the trial court be considered by us for the
 
 *891
 
 purpose of discovering the process by which the trial judge arrived at his conclusions and, (2) the cause of action having accrued in favor of Euth Hershey, a single woman, would any award of damages therefor made to her after her marriage be community property and consequently be defeated by reason of the contributory negligence of her then husband ?
 

 Upon the first point, we have concluded that in such a situation as that herein presented the rule that it will be presumed by a reviewing court that the trier of facts made all determinations of fact and that all findings should be implied which are necessary to support the judgment or order and which would find support in the evidence has now been relaxed at least to the extent that we may now consider the written opinion of the trial judge to determine the process by which judgment was reached or the basis upon which the court acted. This was clearly decided by the Supreme Court in
 
 Union Sugar Co.
 
 v.
 
 Hollister Est. Co.
 
 (1935), 3 Cal. 2d 740, at page 750 [47 P.2d 273] ; and, as said in
 
 Estate of Gestner
 
 (1949), 90 Cal.App.2d 680, at page 686 [204 P.2d 77], now “is well established.” In
 
 Satchell
 
 v.
 
 Industrial Acc. Comm.
 
 (1949), 94 Cal.App.2d 473, 475 [210 P.2d 867], the court, speaking through Mr. Presiding Justice Shinn, stated the principle broadly, as follows: “The rule that it will be presumed by a reviewing court that the trier of facts made all determinations of fact, and that all findings should be implied which are necessary to support the judgment or order, and which would find support in the evidence, has limitations which a reviewing court cannot conscientiously ignore. If the record clearly shows that the trier of facts declared that a state of facts entering into his decision had or had not been established by the evidence, it would be an absurd reliance upon a fiction, and a grave injustice, for a reviewing court to imply a finding in support of the judgment or order contrary to such oral declaration.” (See also
 
 Fields
 
 v.
 
 Michael
 
 (1949), 91 Cal.App.2d 443, 446 [205 P.2d 402]
 
 ; Trans-Oceanic etc. Corp.
 
 v.
 
 Santa Barbara
 
 (1948), 85 Cal.App.2d 776, 790 [194 P.2d 148] ;
 
 Noble
 
 v.
 
 Kertz & Sons F. & F. Co.
 
 (1945), 72 Cal.App.2d 153, 158 [164 P.2d 255].)
 

 As the opinion of the trial judge states that “The Court finds from all the circumstances and from the evidence given at the trial of this case, that the operators of both vehicles were each guilty of negligence which contributed to the hap
 
 *892
 
 pening of the accident in question”; and “The plaintiff Euth Hershey, now being the wife of the plaintiff Lyle V. Finley, his negligence is imputed to her, which also bars her recovery, ’ ’ we are now brought to the second problem.
 

 A reading of the following several Civil Code sections bearing upon the subject discloses beyond question that the cause of action in favor of plaintiff Euth Hershey was property: Section 14, Civil Code, provides that ‘ ‘ 1. The word ‘property’ includes property real and personal; ... 3. The words ‘personal property’ include money, goods, chattels, things in action and evidences of debt”; section 953, “A thing in action is a right to recover money or other personal property by a judicial proceeding”; section 654, “The ownership of a thing is the right of one or more persons to possess and use it to the exclusion of others. In this code, the thing of which there may be ownership is called property”; section 655, “There may be ownership of . . . all obligations . . .”; section 1427, “An obligation is a legal duty by which a person is bound to do or not to do a certain thing”; and section 1458, “A right arising out of an obligation is the property of the person to whom it is due . . .” In
 
 Scott
 
 v.
 
 McPheeters
 
 (1939), 33 Cal.App.2d 629, 632 [92 P.2d 678, 93 P.2d 562], the court. quotes this broad definition of property from 50 Corpus Juris, page 736, section 7, “ ‘Generally, the subjects of property comprise all valuable rights or interest protected by law. . . . In the broad sense of the term, “property” includes . . . choses in action. ... In modern legal systems, property includes practically all valuable rights. The term is indicative and descriptive of every possible interest which a person can have, extends to every species of valuable right or interest, and comprises a vast variety of rights. The right to be protected in a person’s privileges belonging to him as an individual or secured to him as a member of the commonwealth is property, as is any valuable interest in or to any object of value that a person may lawfully acquire or hold.’ ” To this the court adds: ‘ ‘ That definition certainly includes the right to compensation for personal injuries wrongfully inflicted by the wilful or negligent acts of another person.” See also
 
 Sunt
 
 v.
 
 Authier
 
 (1946), 28 Cal.2d 288, at 296 [169 P.2d 913, 171 A.L.E. 1379], where the above ease is quoted for the same definition, and
 
 Pónsonby
 
 v.
 
 Sacramento Suburban Fruit Lands Co.
 
 (1930), 210 Cal. 229, 232 [291 P. 167], for a similarly broad definition. See also
 
 Mortimer
 
 v.
 
 Young
 
 (1942), 53 Cal.App.2d 317, at page 321 [127 P.2d 950],
 
 *893
 
 where it is said that, “A cause of action for tort is, as held in the case last cited,
 
 [Everts
 
 v.
 
 Will S. Fawcett Co.
 
 (1937), 24 Cal.App.2d 213 (74 P.2d 815)] a ‘thing in action.’ It is therefore within the provision of section 691 of the Code of Civil Procedure for ‘selling the things in action’ of the judgment debtor on execution.” In the early case of
 
 McFadden
 
 v.
 
 Santa Ana etc. R. Co.
 
 (1891), 87 Cal. 464, at 467 [25 P. 681, 11 L.E.A. 252], it is said: ‘ ‘ The right to recover damages for a personal injury as well as the money recovered as damages, is property, and may be regarded as a chose in action. ’ ’
 

 It is equally clear from the following sections of the Civil Code that it was her
 
 separate
 
 property: section 162, “All property of the wife, owned by her before, marriage . . . is her separate property”; section 157, “Neither husband nor wife has any interest in the property of the other, but neither can be excluded from the other’s dwelling.”
 

 As the cause of action was her property before she was married, it continued to be her separate property after marriage. The fact that any recovery of damages to which she may be entitled upon such cause of action occurs after the marriage does not in any way affect her property right therein any more than would the recovery after marriage upon a promissory note (a chose in action) which she owned before; or the changing of previously owned real property into money after marriage. We might well rest our decision upon the case of
 
 Morrissey
 
 v.
 
 Kirkelie
 
 (1935), 5 Cal.App.2d 183 [42 P.2d 361], which is on all fours with ours; in that case an engaged couple, while returning from the courthouse where they filed their notice of intention to wed, met with the accident which resulted in that action, and the same contention now presented was made upon the trial. The court disposed of the contention as follows (p. 184): “The further point is urged that the negligence of the driver is imputable to plaintiff because they were husband and wife at the time of trial. Plaintiff’s recovery is not community property since her rights thereto accrued before marriage. The rule that negligence of a husband is imputable to his wife does not apply here.”
 

 There would be no occasion for further prolonging this opinion were it not for the discussion in the more recent case of
 
 Franklin
 
 v.
 
 Franklin
 
 (1945), 67 Cal.App.2d 717 [155 P.2d 637]. In that case an interlocutory decree of divorce had been entered, awarding certain property to the wife, and
 
 *894
 
 before the final decree was granted the defendant husband suffered injuries for which he brought suit for damages. Upon motion of the wife, the court, in the final decree, awarded her a half interest in defendant’s cause of action for damages. In reversing this portion of the decree, the District Court discussed the awkward and impractical situation which would result from such undivided interests in a cause of action and said (at page 727) : “The limitations upon the right to transfer such a cause of action, or an interest in it, are well illustrated by the rule, which is supported by the great weight of authority, that it is not capable of transfer for the benefit of creditors.” The decision then goes on to say (p. 727) : “The powers of the court were limited to making a division of the community property, and the cause of action was something that could not be partitioned, directly or indirectly, before it had been reduced to judgment. Only then or in the event of a settlement could it be said that defendant had acquired ‘property’ which was subject to the community property laws.” In view of the preceding statement (pp. 722, 723), that “It is the ownership of the recovery, and not the mere right to sue, that is controlling,” the decision seems to imply that in some manner the ownership of the recovery ceases to be the same as the ownership of the right of action. If this is its purport, we most respectfully disagree; and we are strengthened in this view by the following comment of the Supreme Court in
 
 Zaragosa
 
 v.
 
 Craven
 
 (1949), 33 Cal.2d 315 [202 P.2d 73], at page 320: “Hence, it must be considered as the present law of this state that the cause of action for personal injuries
 
 suffered by either spouse during marriage,
 
 to whatever extent such cause of action may constitute property (see p. 725,
 
 Franklin
 
 v.
 
 Franklin, supra),
 
 as well as any recovery therefor, constitutes community property—at least in the absence of agreement otherwise between the spouses. Any contrary implications which may be derived from the language of the Franklin case are disapproved.” (Emphasis added.)
 

 By a coincidence, the distinguished author of the Franklin decision is also the author of the decision in
 
 Morrissey
 
 v.
 
 Kirkelie, 5
 
 Cal.App.2d 183,
 
 supra.
 
 As the latter holds directly that the negligence of the husband is not imputable to the wife as to a cause of action existing in favor of the latter prior to marriage and this decision is not mentioned in the Franklin case involving a different situation, we do not consider that the discussion in the Franklin case, hereinabove
 
 *895
 
 referred to, in any way weakens the effect of
 
 Morrissey
 
 v.
 
 Kirkelie.
 

 The appeal is by both plaintiffs. We have examined the record as disclosed by the settled statement and find that there is sufficient evidence to support the conclusion of the trial judge that both plaintiff Lyle Y. Finley and defendant Winkler were guilty of negligence, and therefore we do not find it necessary to order a new trial upon the question of negligence.
 

 The judgment is affirmed as to plaintiff Lyle Y. Finley. The judgment that plaintiff Ruth Hershey take nothing is reversed and it is ordered that a new trial be had as to the amount of damages to be awarded, and thereafter that judgment be entered in favor of plaintiff Ruth Hershey (Finley) in the amount awarded.
 

 Shaw, P. J., and Bishop, J., concurred.