[Civ. No. 21095.   Second Dist., Div. Three.   Jan. 24, 1956.]

MARY BRUTON, Appellant, v. CHARLES JOSEPH VILLORIA et al., Respondents.

Lynch & Reilly and Arthur M. Reilly for Appellant.

Veatch & Thomas for Respondents.

SHINN, P. J.—In this action of Mary Bruton against Charles Joseph Villoria et al., for the recovery of damages sustained as a result of injuries received in a collision of automobiles, plaintiff appeals from a judgment upon verdict in favor of the defendants.

The car in which plaintiff was riding belonged to her husband who was driving, with plaintiff and two children of the parties riding with him.

The answer, in addition to denials, pleaded the defense of negligence on the part of Mr. Bruton in the operation of the car which was alleged to have been the direct and proximate cause of a collision between the two vehicles. At the request of the defendants Villoria the jury was instructed that if Mr. Bruton was negligent his negligence was imputed to the plaintiff. This statement of the law is

challenged by appellant; the instruction is not criticized in any other respect.

Mr. and Mrs. Bruton were domiciled in the Province of Ontario, Dominion of Canada. It was stipulated that under the law of their domicile no system of community property prevailed. The appeal is argued upon the assumption that the husband would have no ownership or interest in any damages recovered by the wife under the law of their domicile. This appears to be a correct assumption. (The Married Women's Property Act, Rev. Stats., Ontario (1950), ch. 223, § 3(1).)

The parties are in agreement that since the cause of action arose in California and was tried here, the California law with respect to contributory negligence applies. (Rest., Conflict of Laws, § 385.) It is not questioned that as between husband and wife domiciled in California a recovery by the wife for personal injuries would be community property, and if the wife is injured through the negligence of the husband, his negligence will be imputed to her.

The question is, what is the law of California that has application to the admitted facts?

The sole reason for the rule which imputed the negligence of the husband to the wife in cases such as the one at bar is that the husband, having a community interest in the recovery, should not be permitted to benefit by his own wrong. This principle has been stated in unbroken continuity from *McFadden* v. *Santa Ana etc. Ry. Co.*, 87 Cal. 464 [25 P. 681, 11 L.R.A. 252], to *Zaragosa* v. *Craven*, 33 Cal.2d 315 [202 P.2d 73]. The cases recognize that if the husband has no interest in the recovery there is no reason for giving effect to his contributory negligence as a bar to the wife's recovery for her own personal injuries. Thus negligence of the man prior to marriage is not imputable to the wife in an action after the parties have married. (*Finley* v. *Winkler,* 99 Cal.App.2d Supp. 887 [222 P.2d 345]; *Morrissey* v. *Kirkelie,* 5 Cal.App.2d 183 [42 P.2d 361].)

Likewise, dissolution of the marriage by death of the husband removes the basis for imputing his negligence to his wife. (*Flores* v. *Brown,* 39 Cal.2d 622 [248 P.2d 922].) Since upon his death the wife's entire cause of action survives to her by operation of law, the rule of imputed negligence as a means of preventing unjust enrichment does not apply. (*Kesler* v. *Pabst,* 43 Cal.2d 254 [273 P.2d 257].)

Plaintiff's ownership of the cause of action for damages and the recovery were governed by the laws of Ontario.

(*Kraemer* v. *Kraemer*, 52 Cal. 302; *Estate of Drishaus*, 199 Cal. 369 [249 P. 515]; *Estate of Warner*, 167 Cal. 686 [140 P. 583]; *Estate of Niccolls*, 164 Cal. 368 [129 P. 278]; *Brunner* v. *Title Ins. & Trust Co.*, 26 Cal.App. 35 [145 P. 741]; *Gelfand* v. *Gelfand*, 136 Cal.App. 448 [29 P.2d 271]; *Estate of May*, 112 Cal.App. 673 [297 P. 955]; *Latterner* v. *Latterner*, 121 Cal.App. 298 [8 P.2d 870].)

While not questioning that under the applicable law of the Province of Ontario a husband would have no interest in his wife's recovery for her personal injuries defendants contend that that fact is immaterial. They recognize the rule of section 290 of the Restatement, Conflict of Laws, "Interests of one spouse in movables acquired by the other during the marriage are determined by the law of the domicile of the parties when the movables are acquired," but they contend that a cause of action for personal injuries is not a "movable" within this rule, and that it embraces only tangibles acquired in one jurisdiction and carried into another. The term is not used in the Restatement, Conflict of Laws, section 46, in so narrow a sense.[1]

Defendants contend that the law of plaintiff's domicile is inapplicable because her cause of action arose in California, but this contention is exactly contrary to the settled rule.

■ The principle that the law of the domicile is controlling as to the ownership of personal property necessarily excludes from consideration the laws concerning ownership of other jurisdictions in which the property may be acquired.

■ Since the marital relation alone does not make a husband the agent of his wife (*Wagoner* v. *Silvo*, 139 Cal. 559 [73 P. 433]; *Rauer's Law etc. Co.* v. *Berthiaume*, 21 Cal.App. 670 [132 P. 596, 833]; *Rosenbloom* v. *Southern Pac. Co.*, 59 Cal.App. 102 [210 P. 53]), and there was no agency by appointment, no reason exists for imputing to plaintiff the negligence, if any, of her husband which may have contributed to her injuries.

■ Defendants had the advantage of a defense to which they were not entitled. It may well have been the one as to

---

[1] "Comment: . . . b. Things are either immovable or movable. Immovables include land and all that is so attached to land as to be legally regarded as a part of it. All other things are movable. . . .

"c. Things are either tangible or intangible. A tangible thing is one which has physical substance. All other things are intangible. . . .

"Sec. 208. . . . *Special Note*: . . . The word 'movables' is a convenient term to include all kinds of things, whether tangible or intangible, interests in which constitute personal property and is so used throughout the Restatement of this Subject."

which they prevailed. It was error to give the instruction and the error was prejudicial to plaintiff's case.

It is unnecessary to consider whether section 171c[2] of the Civil Code as amended by Statutes 1951, chapter 1102, furnishes a reason for a different rule of imputed negligence as between husband and wife.

The judgment is reversed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied February 21, 1956, and respondents' petition for a hearing by the Supreme Court was denied March 21, 1956.

---

[2]"Notwithstanding the provisions of Section 161a and 172 of this code, and subject to the provisions of Sections 164 and 169 of this code, the wife has the management, control and disposition, other than testamentary except as otherwise permitted by law, of community property money earned by her, or community property money damages received by her for personal injuries suffered by her, until it is commingled with other community property, except that the husband shall have management, control, and disposition of such money damages to the extent necessary to pay for expenses incurred by reason of the wife's personal injuries.

"During such time as the wife may have the management, control and disposition of such money, as herein provided, she may not make a gift thereof, or dispose of the same without a valuable consideration, without the written consent of the husband.

"This section shall not be construed as making such money the separate property of the wife, nor as changing the respective interests of the husband and wife in such money, as defined in Section 161a of this code. (Added Stats. 1951, c. 1102, p. 2860, § 1.)"