[Civ. No. 9609.    Third Dist.    May 18, 1959.]

PAULA FISHER FOOTE, Appellant, v. RICHARD FOOTE, Respondent.

Burton & Hennessy for Appellant.

Tebbe & Correia and J. P. Correia for Respondent.

WARNE, J. pro tem.*—On April 12, 1957, plaintiff Paula Fisher Foote, then Paula Fisher, was injured while riding in an automobile driven by Richard Foote. On September 14, 1957, Richard and Paula intermarried and ever since that date have been husband and wife. Thereafter, on March 14, 1958, Paula filed a complaint for damages for personal injuries against her husband, Richard, and his father, Grant Foote. Grant Foote being the owner of the automobile involved in the accident. Defendants demurred to plaintiff's complaint on the ground, among others, of the marital status of the parties. The plaintiff has appealed from the judgment of dismissal following the order sustaining the demurrer of defendant Richard Foote without leave to amend on the ground that the trial court erred in holding that plaintiff could not maintain an action because she and Richard intermarried after the cause of action arose. Hence the sole question presented is whether a wife may sue her husband for a personal tort which occurred prior to marriage. In *Carver* v. *Ferguson* (Cal.App.), 254 P.2d 44, this court held that a premarital tort is a chose in action as defined by section 953 of the Civil Code and that the cause of action based thereon was a wife's separate property under the terms of section 162 of the Civil Code, which provides, in part: "All property of the wife, owned by her before marriage, . . . is her separate property." And, since the cause of action constituted property and vested in the wife at the time of the accident and was

---

*Assigned by Chairman of Judicial Council.

"owned" by her from that day forward, she could maintain an action against her husband for such premarital tort.

Although a hearing was granted by the Supreme Court followed by a settlement and dismissal of the appeal in the Carver case, nevertheless, after a reconsideration of our views therein expressed, we see no reason now to change or modify those views. Therefor, since the issue in the present case is the same as presented in the Carver case, we adhere to that decision. From the opinion we quote the following:

"On May 2, 1950, Eleanor Carver was injured while riding in the automobile of William Ferguson, which he was then driving. She filed a complaint for damages on August 15, 1950, for personal injuries against Ferguson. On March 17, 1951, prior to the time set for trial of the matter, plaintiff and defendant intermarried, and ever since that date they have been husband and wife. On November 19, 1951, the trial court granted defendant's motion for dismissal of the action upon the ground of the marital status of the parties. From the judgment of dismissal, plaintiff appeals, presenting for determination the question of whether a wife may maintain, against her husband, an action for a tort which occurred prior to their marriage. The agreed statement of facts upon which the appeal is taken shows that defendant had public liability insurance at the time of the accident, although the materiality and relevance of this factor was and is expressly denied by the defendant.

"Counsel have ably argued their opposing contentions, respondent relying upon the common law rule that the wife may not sue the husband in tort, and appellant contending that the aforesaid rule is neither applicable nor the true state of the law in California as indicated by the several statutory changes to Code of Civil Procedure, section 370, made after the decision in *Peters* v. *Peters*, 1909, 156 Cal. 32 [103 P. 219, 23 L.R.A. N.S. 699]. However, it is our view that the matter is governed by other principles.

"The cause of action sought to be asserted by plaintiff, being a right to recover payment for damages, is a chose in action, as defined by Civil Code, section 953, which provides that: 'A thing in action is a right to recover money or other personal property by a judicial proceeding.' Under this section, it was held in *Everts* v. *Will S. Fawcett Co.*, 1937, 24 Cal.App.2d 213 [74 P.2d 815, 816], that a cause of action for tort, like a cause of action arising from breach of contract, is a 'thing in action.' See also *Mortimer* v. *Young*, 1942, 53

Cal.App.2d 317 [127 P.2d 950], and *McFadden* v. *Santa Ana, etc. Ry. Co.*, 1891, 87 Cal. 464 [25 P. 681, 11 L.R.A. 252]. A thing in action is characterized by both Civil Code, section 14, subsection 3, and Code of Civil Procedure, section 17, subsection 3, as personal property. Section 1 of each of these code sections defines the general term 'property' as including both real and personal property. Thus, in *Scott* v. *McPheeters*, 1939, 33 Cal.App.2d 629, at page 632 [92 P.2d 678, 680, 93 P.2d 562], this court said that property includes the 'right to compensation for personal injuries wrongfully inflicted by the wilful or negligent acts of another person.' Hence it is apparent that the cause of action which the wife was here attempting to pursue constitutes property. Such further proof of this conclusion as may be necessary appears from the following Civil Code sections:

"654: 'The ownership of a thing is the right of one or more persons to possess and use it to the exclusion of others. In this code, the thing of which there may be ownership is called property.'

"655: 'There may be ownership of . . . all obligations. . . .'

"1427: 'An obligation is a legal duty, by which a person is bound to do or not to do a certain thing.' (1458) : 'A right arising out of an obligation is the property of the person to whom it is due. . . .'

█ "Since that property accrued to appellant at the moment of the commission of the wrong, it becomes equally clear that the cause of action was her separate property. Civil Code, section 162, provides, in part, that: 'All property of the wife, owned by her before marriage, . . . is her separate property.' The cause of action here pleaded is the alleged breach by respondent of a duty of care owing by him to appellant, which breach caused injury to appellant; these matters are all referable to a particular moment in time when that breach and injury occurred. Whatever obligation might be found to exist upon the respondent in favor of the appellant arose at the moment of breach and injury. Therefore, the cause of action, which constituted property arose and vested in appellant at the time of the accident, and was 'owned' by her from that day forward. She thus owned it prior to her marriage to respondent and it constitutes her separate property.

█ "The character of property as separate or community is determined by its status as of the time of acquisition, hence any subsequent change in appellant's marital situation could have no effect upon the separate nature of property which she

owned prior to marriage, and which followed her into the marriage. *Finley* v. *Winkler*, 99 Cal.App.2d Supp. 887 [222 P.2d 345] ; 3 Cal. Jur. 10-Yr. Supp. 505. ▮ No further authority than Civil Code, section 157, providing that 'Neither husband nor wife has any interest in the property of the other . . .', need be cited to sustain the proposition that the wife cannot be prevented from dealing with her separate property as she sees fit, nor can she be prevented from resorting to whatever legal process may be necessary to protect her interest in that property, whether it be a chose in action stemming from tort or contract, or a parcel of real estate. No justification can be found for a contrary rule which would operate to divest her of that property. In *Zaragosa* v. *Craven*, 1949, 33 Cal.2d 315 [202 P.2d 73, 6 A.L.R.2d 461], it was expressly held that the recovery on a cause of action for personal injuries bears the same character as the cause of action itself; the result in that case, that the property was community because the cause of action accrued during marriage, alters neither the substance nor applicability of the rule. See also *Huber* v. *Huber*, 1946, 27 Cal.2d 784 [167 P.2d 708], and authorities cited therein to the effect that property received in exchange for separate property is separate property.

''Because of the separate nature of any recovery appellant might receive upon her cause of action, the entire transaction must be regarded as one by the wife concerning her separate property, as to which no disability to litigate can be asserted according to the fortuitous circumstance of whether the defendant happens to be her husband instead of a third party. Nothing in Code of Civil Procedure, section 370, providing that a married woman may sue or be sued in her name alone in all actions, can provide comfort to respondent in his attempt to deny appellant the right to pursue her separate property interests. The fundamental feature in this case is the fact that the right accrued to the wife prior to marriage. This conclusion must follow because had the matter been first pursued to judgment, the subsequent intermarriage of the parties could have no more effect upon the legal collectibility of such a judgment than upon a judgment obtained against a third person prior to marriage. Such a judgment would constitute the wife's separate property. ▮ In the same manner, 'The right to recover damages for a personal injury, as well as the money recovered as damages, is property. . . .' *McFadden* v. *Santa Ana, etc. Ry. Co.*, 1891, *supra*, 87 Cal. at page 467, 25

P. 682, and the circumstances of the litigants' intermarriage prior to the rendition of judgment cannot operate to deprive the wife of property which is rightfully hers.

"While it is true that in a few jurisdictions the existence of liability insurance has been considered, nevertheless under the conclusion we have reached we do not see the materiality of such fact in the present case. Appellant's rights stem from the nature of her cause of action as a property right acquired before marriage. This concept has already been enunciated in *Morrissey* v. *Kirkelie*, 1935, 5 Cal.App.2d 183 [42 P.2d 361], in which an engaged couple, while returning from the courthouse where they had filed their notice of intention to marry, were involved in an automobile collision. In disposing of the contention that the negligence of the driver should be imputed to plaintiff because they had intermarried and were husband and wife at the time of the trial, the court stated, 5 Cal.App.2d at page 184, 42 P.2d at page 362: 'Plaintiff's recovery is not community property, since her rights thereto accrued before marriage. The rule that the negligence of a husband is imputable to his wife does not apply here,' and affirmed the judgment in favor of plaintiff wife. Hearing in that case was refused by the Supreme Court.

"Nor is anything herein stated in conflict with *Watson* v. *Watson*, 1952, 39 Cal.2d 305 [246 P.2d 19], where it was held that the rule that one lawful spouse may not sue the other for damages in tort applies to prevent an action for a tort occurring after entry of an interlocutory divorce decree but before entry of the final decree. In that case, the plaintiff was estopped to deny the existence of the marriage at the time the tort was committed; there was no marital relationship between appellant and respondent herein at the time the tort was committed."

The judgment of dismissal is reversed.

Van Dyke, P. J., and Peek, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 15, 1959.