[Crim. No. 1658. First Appellate District, Division Two.—April 29, 1932.]

In the Matter of the Application of PAULA STRAND for a Writ of Habeas Corpus.

Glensor, Clewe, Schofield & Van Dine for Petitioner.

Leo A. Cunningham, William M. Abbott, K. W. Cannon, Cyril Appel and Ivores R. Dains for Respondent.

SPENCE, J.—Petitioner was adjudged guilty of contempt for refusing to answer the questions propounded upon the taking of her deposition and was remanded to custody until she answered said questions. She seeks her release on *habeas corpus*.

The action in which the defendant sought to take petitioner's deposition was brought by Peder Strand and petitioner Paula Strand, his wife, as plaintiffs against the Market Street Railway Company as defendant. In that

action the plaintiffs sought to recover damages for personal injuries sustained by petitioner as the result of the alleged negligence of the defendant. The sole ground upon which petitioner seeks to justify her refusal to answer the questions is privilege under subdivision 1 of section 1881 of the Code of Civil Procedure. It is petitioner's contention that as the right of action for damages for personal injuries to the wife during marriage is community property, she cannot be compelled to testify for the reason that said section provides that a wife cannot be examined "for or against her husband without his consent". In support of this contention petitioner relies upon the recent decision of this court in *Rothschild* v. *Superior Court,* 109 Cal. App. 345 [293 Pac. 106, 107].

The facts in the present case present the question of whether a wife, who is a party plaintiff in an action brought to recover damages for injuries sustained by her, can deprive the defendant of the benefit of her testimony by reason of the provisions of subdivision 1 of section 1881 of the Code of Civil Procedure. In our opinion she cannot, and we find nothing in *Rothschild* v. *Superior Court, supra,* which is in conflict with this conclusion. In that case we held that where an action is brought by the husband alone to recover damages for injuries sustained by him, the defendant may not compel the wife of the plaintiff to testify as she would then be compelled to testify "for or against her husband". In that case the wife of plaintiff whose testimony was sought was not a party plaintiff while in the present case the petitioner is a party plaintiff.

The right of action to recover for personal injuries sustained by either husband or wife is community property and their interests in such right of action are "present, existing and equal interests". (Civ. Code, sec. 161a.) However, under the law of this state the injured party may bring the action without joining the other. (Code Civ. Proc., sec. 370.) If an injured husband or wife sues as party plaintiff in an action to recover for his or her injuries, can it be said that the effect of section 1881 and of our community property law is to deny the defendant the right to examine the party plaintiff while said party plaintiff may exercise at will his or her right to examine the defendant?

We think not. Subdivision 1 of section 1881 relates to privilege rather than to competency and such privilege may be waived. We are not convinced that said section was intended in any case to shield a party to an action and deprive the adversary of the benefit of the testimony of such party; but be that as it may, we are of the opinion that as a wife is given the right to bring an action for her own injuries on behalf of the community, her act in so doing constitutes a waiver on behalf of the community of the right to invoke that section so far as her testimony is concerned. We are further of the opinion that where the husband and wife join as parties plaintiff in such action, their voluntary act in so doing constitutes a waiver of the right to invoke that section as to the testimony of either.

We have found no authority on all-fours with the present case. Apparently the precise question has never been before the courts of this state and we know of no other state with statutes similar to our own relating to both community property and to witnesses. The question of waiver of privilege under subdivision 1 of section 1881 was discussed in *Tobias* v. *Adams,* 201 Cal. 689 [258 Pac. 588]. There the court said at page 699: "It must be held that defendants as husband and wife by filing for record a written agreement between themselves and by pleading it in defense to plaintiff's action and by introducing it in evidence put the *bona fides* of such paper in issue and thereby waived expressly any privilege thrown around them by the law." Likewise in *Schwartz* v. *Brandon,* 97 Cal. App. 30 [275 Pac. 448, 451], the court said at page 35: "Brandon and his wife appeared by filing a joint answer, setting up the deed, claiming that it was *bona fide* and a valid transfer. Placing the deed itself in issue constituted an express waiver of the privilege of section 1881 of the Code of Civil Procedure." It is therefore clear that said privilege may be waived by the conduct of the parties and that such privilege should be held to be waived whenever there are circumstances from which such waiver may be fairly inferred.

From what has been said we conclude that the privilege under said section had been waived in the present case and that the trial court properly directed the petitioner to answer the questions propounded.

The writ is discharged and the petitioner is remanded to custody.

Nourse, P. J., and Sturtevant, J., concurred.