[Civ. No. 14810.  First Dist., Div. Two.  Apr. 30, 1951.]

JANE DEAN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; CLARENCE D. WRYE et al., Real Parties in Interest.

Delany, Jarvis, Fishgold & Werchick for Petitioner.

Healy & Walcom for Real Parties in Interest.

DOOLING, J.—Petitioner commenced an action for personal injuries alleged to have been sustained when struck by an automobile driven by one Clarence Wrye. Clarence Wrye's wife, Sonia, was joined and served as First Doe. The liability

alleged against First Doe was the derivative one under Vehicle Code, section 402: that she was the owner of the vehicle and that Clarence Wrye was driving it with her permission. Petitioner sought to take the deposition of Sonia Wrye and her counsel, who also represents her husband, objected on the ground that she could not testify against her husband without his consent. (Code Civ. Proc., § 1881, subd. 1.) The specific questions asked her were: Are you one of the defendants in this action? Were you served with summons and complaint? What is your full name? Where do you live? Are you the owner of an automobile (describing it)? Objection was made to all of these questions on the ground stated and on instruction of her counsel Mrs. Wrye refused to answer them.

The matter was certified to the superior court by the notary and on December 9, 1950, the superior court made an order "discharging said order to show cause to Sonia Wrye re answering questions at the taking of her deposition." Petitioner seeks relief from us by mandamus.

It is clear that answers to none of the specific questions asked of the wife would be evidence against her husband. The husband's liability depends on whether or not his negligence proximately caused injury to petitioner. The wife's ownership of the car has no relation to the husband's liability in any respect. The privilege of the husband not to have his wife "be examined . . . for or against her husband" was simply not involved.

Mandamus is the proper remedy to enforce the right to have these questions answered on deposition. (*McClatchy Newspapers* v. *Superior Court*, 26 Cal.2d 386 [159 P.2d 944].)

Counsel attempt to present a broader question, whether under the circumstances the privilege has been waived. Since no question affecting in any way the husband's liability was asked, and therefore none in which the privilege may properly be said to be involved, no foundation for presenting this question was laid.

Let the peremptory writ of mandamus issue directing the respondent court to set aside its order of December 9, 1950, and to make the necessary orders to compel Sonia Wrye to answer the specific questions asked her as certified to the court by the notary.

Nourse, P. J., and Goodell, J., concurred.