[Civ. No. 17399.   First Dist., Div. Two.   Nov. 4, 1957.]

W. M. RINEHART, Appellant, v. THE FIRST CUPER-
TINO COMPANY (a Partnership) et al., Respondents.

*Assigned by Chairman of Judicial Council.

Manny C. Gomez and Machado & Machado for Appellant.

Charles A. Thompson and Robley E. Morgan for Respondents.

DRAPER, J. — Plaintiff sought declaratory relief and decree quieting title, asserting that defendants had agreed to grant to plaintiff a one-fourth interest in real property in return for plaintiff's services as broker in acquiring the land. Defendants' answer denied plaintiff's claims, and asserted title in themselves. Defendants also cross-complained to quiet title. The cross-complaint was dismissed during trial. Defendants had judgment that plaintiff take nothing by his complaint, and that title be quieted in defendants. Plaintiff appeals.

Respondent The First Cupertino Company is a limited partnership consisting of respondent John A. Cussen as general partner and his wife, respondent Barbara Wood Cussen, as limited partner. This partnership acquired the land in question before this action was commenced.

During his rebuttal, appellant called Mrs. Cussen under Code of Civil Procedure, section 2055. After she had given her name and stated that she is the wife of the other individual respondent, counsel for her husband and herself invoked the rule that one spouse cannot be examined for or against the other without the latter's consent (Code Civ. Proc., § 1881, subd. 1), and objected to further testimony by Mrs. Cussen upon that ground. The objection was sustained. Respondents assert that the privilege is waived only when husband and wife join in seeking affirmative relief, and not when they are joined as defendants. They point out that here the cross-complaint had been dismissed before Mrs. Cussen was called. Thus, they say, no affirmative relief was sought, and section 1881, subdivision 1, was properly invoked,

It is unnecessary to determine, in this case, whether spouses who are joint defendants and who seek no affirmative relief may invoke this privilege. The rule is clear that, where affirmative relief is sought by the spouses as joint plaintiffs, the benefit of the code section is waived (*In re Strand*, 123 Cal.App. 170 [11 P.2d 89]). The same rule applies where, as defendants, they claim an interest and seek its determination by judgment (*Hagen* v. *Silva*, 139 Cal.App.2d 199 [293 P.2d 143]). Here the answer alleged ownership in respondents. It follows that, in seeking to establish their own title, even though by way of defense, they sought affirmative relief (*Warden* v. *Stoll*, 210 Cal. 374, 377 [291 P. 835]). In doing so, they have waived the benefit of section 1881, subdivision 1. Appellant should have been allowed to question Mrs. Cussen. It does not follow, however, that the error was prejudicial. Shortly after the ruling complained of, and at the close of defendants' case, the following occurred:

"MR. MACHADO [counsel for plaintiff-appellant]: Well, there's Mrs. Cussen, why don't you put her on the stand?

"THE COURT: Anything further?

"MR. MACHADO: We submit it, your Honor.

"THE COURT: Do you rest, Mr. Morgan?

"MR. MORGAN: We rest.

"THE COURT: Do you want to argue the case?

"MR. MORGAN: Just a second before I rest. Mrs. Cussen will testify.

"MR. MACHADO: Now, if your Honor please——

"MR. MORGAN: May I set aside my resting and let Mrs. Cussen testify? You asked me just a few minutes ago, why don't you let her testify.

"MR. MACHADO: Now, your Honor please, is this a game of chance or what?

"THE COURT: All right, you may be seated, Mrs. Cussen."

It is apparent that respondents' counsel wished to submit Mrs. Cussen to examination by appellant, thus withdrawing his previous objection. Appellant refused the offer. The court clearly treated appellant's comment upon this offer as a refusal of the opportunity to examine, and it was only after this rejection that the witness was permitted to leave the stand. Having failed to take advantage of this opportunity, appellant cannot now be heard to complain (*Walsh* v. *Parker*, 41 Cal.App.2d 435, 444 [106 P.2d 925]; *Ford* v. *Carew & English*, 89 Cal.App.2d 199, 208 [200 P.2d 828]; *Rickards* v. *Noonan*, 40 Cal.App.2d 266, 275 [104 P.2d 839]).

■ It was likewise error to sustain objection to the testimony of respondent husband, upon the ground of the privilege extended by Code of Civil Procedure, section 1881, subdivision 1. But this error, also, is without prejudice to appellant. The objection was made and sustained when appellant called this respondent as an adverse witness (Code Civ. Proc., § 2055). Later, the same witness was called by respondents. Appellant was afforded full cross-examination, without any limitation by reason of the claimed privilege. This cross-examination covered all subjects which could conceivably have been gone into under section 2055. It follows that there is no reversible error (*Estate of McCollum*, 59 Cal.App.2d 744, 752 [140 P.2d 176]; *French* v. *Orange County Inv. Corp.*, 125 Cal.App. 587, 590 [13 P.2d 1046]).

Appellant attacks the sufficiency of the evidence to support the findings. The trial court found that respondents, by letter of June 13, 1951, offered appellant a quarter interest in return for services to be rendered, providing also that appellant should pay one-fourth of any purchase price mortgage given by respondents. The letter called for written acceptance. The court found that appellant never accepted. It was further found that on February 17, 1954, respondents wrote to appellant offering him a quarter interest if he would pay 25 per cent of the purchase-money encumbrance then due, but specifically providing that the letter should not be deemed an admission that appellant had any interest in the property. Appellant neither answered this letter nor made any contribution to payment of the encumbrance. Appellant alleged an oral agreement for transfer of the quarter interest to him, but this was denied and the trial court's finding was against appellant. Thus, aside from the problem of the statute of frauds, the determination of the fact issue disposes of appellant's claim under an oral agreement. It would serve no purpose to detail the evidence here. We have reviewed the record and find that it supports the findings.

■ Appellant also asserts that the findings are contradictory. But at the most, some of the findings may be superfluous, and any such error would not warrant reversal.

The judgment is affirmed.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied December 4, 1957, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1957.