[Civ. No. 18807.   First Dist., Div. One.   Sept. 25, 1959.]

FRANCES STEIN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; MARY LOMBARDI et al., Real Parties in Interest.

Van H. Pinney for Petitioner.

No appearance for Respondent.

Molinari, Casalnuovo & Berger for Real Parties in Interest.

BRAY, P. J.—Petition for writ of mandate to compel the superior court to order husband and wife defendants in a personal injury action to answer questions on deposition.

### QUESTION PRESENTED

May spouses be compelled to answer questions on deposition in spite of section 1881, subdivision 1, Code of Civil Procedure?

### RECORD

Petitioner filed suit against Mary Lombardi and Peter Lombardi, husband and wife, for personal injuries alleged

to have resulted from a fall upon an uneven portion of the entrance way to and upon property owned by the Lombardis and allegedly negligently maintained by them. Defendants' answer consisted of denials and the defense of contributory negligence. Petitioner properly noticed the taking of the deposition of defendant Mary. On advice of counsel, she claimed marital privilege under section 1881 and refused to answer any questions except that she stated that she was married to Peter. Petitioner moved the superior court for an order requiring defendants to answer the questions proposed at the taking of the deposition. The court denied the motion.

## EFFECT OF SECTION 1881, SUBDIVISION 1, CODE OF CIVIL PROCEDURE

It provides in part:

"There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore a person cannot be examined as a witness in the following cases:

"1. [Husband and wife.] A husband can not be examined for or against his wife without her consent; nor a wife for or against her husband, without his consent . . ."

By refusing to answer any questions, except as to the existence of their marriage, defendants are invoking the "for or against" privilege as opposed to the more limited confidential communication privilege also embodied in section 1881, subdivision 1.

The marital privilege belongs to the party spouse. (*Marple* v. *Jackson* (1920), 184 Cal. 411, 413 [193 P. 940].) Counsel for defendants asserted the privilege on behalf of both.

Petitioner practically concedes that the authorities, as well as the code section, support defendants' right to refuse to answer. However, petitioner contends that the marital privilege is generally disfavored and that the courts have carved out certain exceptions and that they should add an additional exception to meet this situation.* Although the marital privilege exists in some states, that it is generally disfavored must be conceded. (See Wigmore on Evidence, 3d ed., vol. VIII,

---

*Petitioner is not attempting to do away with the privilege provided by the section concerning communications between spouses. Our discussion throughout this opinion will have no reference to that type of privilege as it is universally agreed that such limited privilege is desirable.

§ 2228, p. 224 et seq.;† A.I.L. Model Code of Evidence, p. 154.) Section 1881, subdivision 1, itself makes certain express exceptions not applicable here. However, section 1881, subdivision 1, flatly lays down the rule. If it is to be changed, it must be done by the Legislature and not by the courts.

It is hardly true that the courts have made "exceptions" to the rule. They have, however, tended to apply a broad waiver doctrine. Thus in *In re Strand* (1932), 123 Cal.App. 170, 172 [11 P.2d 89], the court held that a husband and wife, by bringing an action to recover damages for injuries sustained by her, had waived the privilege. To the same effect is *Rinehart* v. *First Cupertino Co.* (1957), 154 Cal.App.2d 842 [317 P.2d 30], an action by husband and wife to quiet title. In *Hagen* v. *Silva* (1956), 139 Cal.App. 2d 199 [293 P.2d 143], defendant spouses in a quiet title action did not pray for affirmative relief, but by asserting their claims put themselves in a "position akin to that of parties plaintiff as in the Strand case" and waived the privilege. (P. 203.) (The court proceeded on the assumption defendants sought affirmative relief, although the validity of that assumption has been criticized. See note 44 Cal.L.Rev. p. 947, note 23.)

Where both are parties defendant and had disclaimed any interest in property, they become nominal and not real parties in interest and cannot raise the privilege. (See *Sylvester* v. *Kirkpatrick* (1947), 79 Cal.App.2d 443, 451-452 [180 P.2d 36].)

In our case no waiver of the privilege is shown. The mere involuntary joining of the spouses as defendants cannot be a basis even though defendants pray that plaintiff take nothing. A contrary conclusion would be an extreme abridgement of the privilege, which could only be done by the Legislature.

In *Ayres* v. *Wright* (1930), 103 Cal.App. 610 [284 P. 1077], the plaintiff sought to introduce the defendant husband's deposition taken before the wife was joined as a defendant. The plaintiff argued that the husband was the wife's agent in

---

†In his strong condemnation of the privilege Wigmore says, among other things (p. 232): "This privilege has no longer any good reason for retention. In an age which has so far rationalized, depolarized, and de-chivalrized the marital relation and the spirit of Femininity as to be willing to enact complete legal and political equality and independence of man and woman, this marital privilege is the merest anachronism, in legal theory, and an indefensible obstruction to truth, in practice."

supervising premises where the wife was injured. The court refused to recognize any exceptions to section 1881, subdivision 1, except those placed there by the Legislature and held that the deposition was properly excluded by reason of the statutory disability of the witness and that no waiver arose, since the deposition was taken before the wife became a party to the action.

*Dean* v. *Superior Court* (1951), 103 Cal.App.2d 892 [230 P.2d 362], was a mandamus proceeding to compel the answering of specific questions asked in taking the deposition of the defendant wife in a personal injury case. The husband was sued as a negligent driver and the wife as owner. In ordering the questions answered the court said: "It is clear that the answers to none of the specific questions asked of the wife would be evidence against her husband. . . . The privilege . . . was simply not involved." (P. 893.) Our case is readily distinguishable and does not present the narrow problem raised in the Dean case. The Ayres case, *supra,* 103 Cal.App. 610, is more akin to our case.

▮ Petitioner makes a second argument based on the doctrine of "multiple admissibility." Defendant-wife may be examined as a party under section 2055, Code of Civil Procedure. Thus, it is argued, her testimony is compellable notwithstanding another rule under which it would otherwise be inadmissible. In support of the argument, petitioner cites such cases as *Adkins* v. *Brett* (1920), 184 Cal. 252 [193 P. 251]; *Wagner* v. *Atchison, T. & S. F. Ry. Co.* (1930), 210 Cal. 526 [292 P. 645]; *Inyo Chemical Co.* v. *City of Los Angeles* (1936), 5 Cal.2d 525 [55 P.2d 850]; and *Daggett* v. *Atchison, T. & S. F. Ry. Co.* (1957), 48 Cal.2d 655 [313 P.2d 557]. These cases do not help petitioner any more than to establish the "multiple admissibility" doctrine; i. e., that where evidence is admissible for one purpose, but inadmissible for another, it may be admitted under instructions limiting it to the proper purpose. But the doctrine appears clearly inapplicable here. Evidence is not admitted by virtue of section 2055. Rather, the purpose of this section is to allow one party to examine an adverse party or someone connected with him without being bound by any adverse testimony thereby elicited. (See *Leonard* v. *Watsonville Community Hospital* (1956), 47 Cal.2d 509, 515 [305 P.2d 36]; Witkin, California Evidence (1958), p. 656, § 607.) The doctrine of "multiple admissibility" is simply not applicable. Peti-

tioner is doing no more than circuitously arguing that the testimony could be taken but for the marital privilege; therefore it should be taken notwithstanding the privilege. Obviously, there is much evidence that would be useful to a litigant, but is precluded for one reason or another (hearsay, privileged communications, etc.). Here, petitioner seeks to obtain what may well be useful testimony, but is faced with a statute that precludes her from obtaining that evidence.

In *Jasper* v. *Bicknell* (1920), 68 Colo. 308 [191 P. 115], both spouse defendants were called under a statute similar to our section 2055. Both objected claiming exemption under a similar "for or against" marital privilege statute. The trial court overruled the objection and the reviewing court held the ruling erroneous without comment.

*Trabin* v. *Title Ins. & Trust Co.*, 52 Cal.2d 149 [339 P.2d 136], dealing with section 1880, subdivision 3 (the so-called "Dead Man's Statute") is not in point. The court there held that in an action against a surviving wife and the executors of her deceased husband's estate, the wife was not prohibited by said section from testifying as she was not asserting a claim against the estate. No question of privilege was raised in the case. Likewise *Foote* v. *Foote*, 170 Cal.App.2d 435 [339 P.2d 188], holding that the fact that a woman who was injured through the negligence of the driver of an automobile was not precluded from suing such driver for personal injuries because of the fact that she later married the driver, has no application to the facts of our case.

It should be pointed out that neither at the taking of the deposition nor later has any contention been made that there might have been questions in answering which the wife would not have been "examined for or against" her husband. This fact distinguishes this case from *Wilson* v. *Superior Court*, 148 Cal.App.2d 433 [307 P.2d 37].

The alternative writ is discharged and the petition for a peremptory writ is denied.

Wood (Fred B.), J., and Tobriner, J., concurred.