RONALD GOTT, Appellant, *v.* JAMES K.
JOHNSON, Respondent.

No. 4594

July 1, 1963                                383 P.2d 363

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,*
of Reno, for Appellant.

*Vargas, Dillon & Bartlett,* and *Alex. A. Garroway,* of
Reno, for Respondent.

## OPINION

By the Court, McNamee, J.:

This is an action for damages for the alleged negligence of respondent which resulted in injuries to appellant when a heavy cabinet fell on him.

The case was tried by the court without a jury and only the question of liability was submitted to the court for determination, the right being reserved to inquire with respect to damages if liability was shown.

The court found as follows:

On October 24, 1961, respondent asked appellant to come over to respondent's residence garage to assist him and two others take down and move a large cabinet which had been used for shelving. Before the work of removal began, respondent estimated the weight of the unit at approximately 1,000 lbs. After the accident he concluded it to be nearer 2,000 lbs. The entire unit was exposed to the view of all four men and there was no defect, danger, or risk known to respondent which was not within the knowledge of appellant. While the unit was being lowered, respondent, believing then that it was too heavy for him and the other three men engaged in moving it, told the three to let go immediately and

jump away. Appellant, not moving quickly enough, was struck by the unit and injured. Because of his former employment as a laborer appellant was familiar with heavy objects and had the ability to determine the amount of risk involved in the moving of said unit.

The court concluded from said findings that appellant was an invitee; that respondent was not liable for an injury from dangers that were obvious, reasonably apparent, and as well known to appellant as to respondent; that respondent was not negligent; and that if respondent were deemed to have been negligent, appellant would be guilty of negligence in the same manner and to an equal degree, which would bar recovery.

It is conceded by appellant that the lower court correctly determined that the relationship between appellant and respondent at the time of the accident was that of invitee and owner, and that under the decision in Nevada T. & W. Co. v. Peterson, 60 Nev. 90, 99 P.2d 633, an owner owes an invitee the duty of ordinary care. Appellant maintains however that respondent assumed a greater duty of care by supervising the act of moving the unit. Such is not the law. In directing the removal the respondent was still under the duty to exercise ordinary care. He was not guilty of any overt act of negligence. Therefore his liability could be premised only on such knowledge chargeable to him of the dangers inherent in the movement of the unit superior to that of appellant and in a failure to warn appellant of such dangers. Under the evidence presented, reasonable men might differ whether respondent as owner possessed any greater knowledge of the weight of the unit than appellant. Appellant was familiar with heavy objects. He had been in the garage many times and had often seen the cabinet. At the time of the accident one of the garage doors was open and all present were able to observe the cabinet. It might have been inferred from the evidence that appellant reasonably believed that respondent had superior knowledge as to the propriety of only

four men undertaking the particular task. An opposite inference likewise was possible if the dangers were as obvious to appellant as to respondent. This was a factual question.

"There is no liability for injuries from dangers that are obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant." 38 Am.Jur., Negligence § 97.

In Dingman v. A. F. Mattock Company, 15 Cal.2d 622, 104 P.2d 26, the plaintiff, an invitee, was injured when a scantling broke. The supreme court, in holding that the defendant had no greater knowledge of the danger than the plaintiff, quoted from Shanley v. American Olive Company, 185 Cal. 552, 555, 197 P. 793, 794, as follows:

"But such owner is entitled to assume that such invitee will perceive that which would be obvious to him upon the ordinary use of his own senses. He is not required to give to the invitee notice or warning of an obvious danger."

Appellant testified that the respondent, before the accident, stated to him that the unit weighed approximately 800 lbs. and that four men could handle it. Respondent did not remember making any such statement. Whether the statement was made or not, and if so, whether appellant placed any reliance thereon, considering the fact that he was experienced with the handling of heavy objects, were questions of fact for the trial court.

The case was fully tried on the issue of negligence and the trial court found that respondent was not negligent. Appellant admits that this court will not disturb findings which are supported by evidence "unless clearly erroneous," but he asserts that this rule does not apply to the trial court's conclusions of law.

Having determined that the danger was as obvious to the appellant as to the respondent, the trial court properly concluded that no liability resulted from the accident.

Affirmed.

BADT, C. J., and BROWN, D. J., concur.

THOMPSON, J., being disqualified, the Governor commissioned Honorable Merwyn H. Brown, Judge of the Sixth Judicial District Court, to sit in his place.