F. E. WORTH, ALSO KNOWN AS FRANK E. WORTH, DOING BUSINESS AS HOLIDAY INN, APPELLANT, v. CARL REED, SPECIAL ADMINISTRATOR OF THE ESTATE OF JULIA F. MORRISON, PAUL G. MORRISON, HELEN ALAN AND DONALD V. MORRISON, RESPONDENTS.

No. 4613

September 11, 1963                    384 P.2d 1017

[Rehearing denied October 10, 1963]

*Vargas, Dillon & Bartlett* and *Alex. A. Garroway,* of Reno, for Appellant.

*Foley Brothers,* of Las Vegas, for Respondents.

**OPINION**

By the Court, THOMPSON, J.:

Julia Morrison, an invited guest, slipped and fell in a motel room of the Holiday Inn owned by the defendant Worth. She was injured. It is claimed that her fall was caused by the defendant's negligence in permitting water from a flooded toilet to remain on the floor where she fell, and in failing to warn her of its presence. Sometime later, but before this suit was commenced, Julia Morrison died from causes unrelated to her fall. Her legal representative and heirs joined in commencing this action to recover damages for the injury and expense caused Julia by her fall. NRS 41.100 (1). A jury awarded damages in the total sum of $23,490. Judgment was entered on the verdict. The defendant Worth appeals. He contends that error occurred when the trial court denied his motions (for directed verdict and, later, for judgment n.o.v.) premised on the proposition that he was entitled to judgment as a matter of law.

At the time of her fall Julia Morrison was quite old. However, she was competent and enjoyed good health. She and her 57-year-old son Paul had registered at the Holiday Inn the day before. The unit which they occupied contained three general adjoining areas referred to as the bedroom, powder room and bathroom. The toilet bowl, which filled with water and overflowed, had

functioned properly for the Morrisons during the first day of their occupancy. However, on the morning of the second day, at about 9:00 a.m., Paul flushed the toilet and it overflowed. Water "covered" the bathroom and powder room areas. Julia Morrison was in bed. Paul warned her twice not to use the bathroom and departed to tell the desk clerk what had occurred. Without delay a maintenance man was sent to the room to fix the toilet. When he arrived Julia Morrison was still in bed. She remained there while he abolished the clogging in the pipes which had caused the overflow. While he was doing so, Julia carried on a conversation with him. When the stoppage was eliminated the maintenance man left the Morrison unit. Upon leaving the room to fetch mop and bucket, he did not tell Julia that his work was not completed nor warn her that a danger still existed. He returned within a few minutes. Upon entering he saw Julia Morrison lying on the powder room floor. She was in pain. He and a maid assisted Julia to her bed where she remained until taken to the hospital. No one witnessed the accident. Its occurrence was not explained by Julia because of her intervening death.

The judgment is attacked on four grounds. It is urged that the defendant was not shown to have been negligent; that proximate cause was not proven; and that the affirmative defenses of contributory negligence and assumed risk were each established as a matter of law. We turn to discuss these matters.

1. *Negligence.* All parties agree that the risk of harm occasioned by the presence of water on the floor of the bathroom and powder room was not created by the defendant or his agents. There is nothing in the record tending to show that its occurrence could reasonably have been foreseen or anticipated. It just happened. After being notified of the flooding the defendant acted promptly. A maintenance man was dispatched to the Morrison unit to eliminate the clogging in the pipes which had caused the overflow, and to clean up the mess. The stoppage was cleared. The overflowing of the toilet ceased. However, the hazard existing because of water

on the bathroom and powder room floors was not corrected. The maintenance man had left the room and was in the process of fetching a mop and bucket to complete his assigned task when Julia Morrison presumably stepped on the slick tile floor of the powder room, slipped and fell. In seeking to support the judgment, plaintiffs contend that it was for the jury to decide, as a question of fact, whether the defendant acted with ordinary care in correcting the dangerous condition after learning of its existence. On the other hand, the defendant insists that, on the facts of this case, reasonable minds could not differ on the issue of due care, and that the trial judge should have taken the case from the jury.

In general terms, an owner owes an invitee the duty of ordinary care. Nevada T. & W. Co. v. Peterson, 60 Nev. 90, 99 P.2d 633; Gott v. Johnson, 79 Nev. 330, 383 P.2d 363. Yet the concept of ordinary care is flexible in application. If a peril is hidden, latent or concealed, ordinary care requires an owner, with actual or constructive knowledge of the peril, to warn the invited guest who is without such knowledge. Nevada T. & W. Co. v. Peterson, supra. On the other hand, if the danger is "obvious," ordinary care does not require a warning from the owner because "obviousness" serves the same purpose. Gunlock v. New Frontier Hotel, 78 Nev. 182, 370 P.2d 682. In Gunlock the object over which plaintiff fell (a 30-foot long planter box in a hotel lobby) was "obvious" because of its size. A summary judgment for the defendant was affirmed on the flat proposition that an owner's duty of care does not extend to an invitee who incurs injury from an obvious danger. There the peril was deemed "obvious" as a matter of law. Here, however, the peril (water on a tiled floor) cannot, in good sense, be deemed "obvious" as a matter of law. Water is a transparent substance. The record does not disclose the quantity of water on the powder room floor in the area of Julia's fall. One may easily fail to notice water on a tiled floor. Though there is much in the record from which a jury could have concluded that the

hazard was known or so apparent to Julia that she could reasonably be expected to discover it (the warnings from her son not to use the bathroom, which warnings, however, did not tell her of the peril in the powder room; the fact that a repair man was called; and the presence of water in the area of her fall was seen by her son and the maintenance man), it seems to us that the jury was equally free to characterize the peril as one that was neither apparent nor obvious. The issue was one of fact, rather than law. Cf. Gott v. Johnson, supra. Thus the failure of the maintenance man, when he left the room to get mop and bucket, to warn Julia that a danger still existed, could reasonably have been considered by the jury to be a breach of the defendant's duty of ordinary care. Cf. Nevada T. & W. Co. v. Peterson, supra.

2. *Proximate cause.* In Rickard v. City of Reno, 71 Nev. 266, 288 P.2d 209, this court affirmed a Rule 41(b) dismissal because of the lack of proof of the cause of plaintiff's fall. In doing so it stated: "It is undoubtedly true that an inference of proximate cause may be drawn from the proved facts. Here there is no proof that plaintiff's feet slipped, nor indeed that the sidewalk was slippery at the point where she fell."

Defendant tells us that the proof in this case is equally deficient. We cannot agree. Though the proof is scanty, we are not persuaded that it is absent. Julia was found lying on the tiled floor of the powder room. There is much evidence that the floor was covered with water and was slick. Hearsay was received to the effect that she had slipped on the powder room floor.[1] Accordingly we must conclude that there is some evidence from which the jury could properly infer that Julia slipped and fell because of the water on the tiled floor. NRS 52.020. The missing facts in Rickard, supra, are present here, i.e., that Julia slipped and that the floor was slippery at the point where she fell. This claim of error is without validity.

---

[1]Defense counsel sought to strike the hearsay. His motion was denied. The court's ruling is not assigned as error on appeal.

3. *The affirmative defenses.* It is the defendant's burden to establish the affirmative defenses of contributory negligence and the voluntary assumption of a known risk. In each instance, an evaluation of Julia Morrison's conduct is required. Yet here the record does not disclose what she did, or failed to do. Her slip and fall was neither witnessed nor directly explained. The manner of its occurrence is left to inference. It seems to us that the jury could permissibly infer either that Julia did not know of the danger in the powder room or that if she did know of it she encountered it in the exercise of due care. A slip and fall, standing alone, does not prove either that she was, or was not, negligent. Perhaps Julia experienced a pressing need to use the toilet. In such event she would have been justified in carefully encountering the peril, without depriving herself of relief for injuries received. Of course, other inferences, adverse to Julia, could permissibly have been made. As reasonable minds could draw conflicting inferences from the known facts, the issues were for jury determination. Accordingly, we find no merit in appellant's claim that the affirmative defenses were shown to have been established as a matter of law.

Affirmed.

BADT, C. J., and MCNAMEE, J., concur.