[Civ. No. 555.   Fifth Dist.   Sept. 23, 1965.]

KENNETH D. FREY et al., Petitioners, v. SUPERIOR COURT OF KINGS COUNTY, Respondent; CAMINOL COMPANY, Real Party in Interest.

Molinari, Casalnuovo & Berger and Gary P. Vannelli for Petitioners.

No appearance for Respondent.

Rosson & Pearson and Robert R. Rosson for Real Party in Interest.

CONLEY, P. J.—Caminol Company sued Kenneth D. Frey, Josephine D. Frey (his wife), and Walter G. Frey (his father), on written guarantees to pay the indebtedness of Kenneth D. Frey to plaintiff, which action in the Superior Court of Kings County is numbered 17453. The continuing guarantees involved in that suit all run in favor of Caminol Company, and were allegedly executed on the following dates and by the following persons for the amounts specified:

Walter G. Frey, November 16, 1961, $10,000 (exhibit A attached to the present petition).

Walter G. Frey, Kenneth D. Frey, and Josephine D. Frey, July 12, 1962, $20,000 (exhibit B attached to the petition).

Walter G. Frey, Kenneth D. Frey, and Josephine D. Frey, June 7, 1963, $40,000 (exhibit C attached to the petition).

Kenneth D. Frey and Josephine D. Frey, October 24, 1963, $60,000 (exhibit D attached to the petition).

The prayer in the complaint asks for a judgment of $47,483.72, the balance alleged to be due from Kenneth D. Frey and covered by the continuing guarantees above mentioned.

The petition for prohibition alleges the pendency of the above-mentioned action against members of the Frey family; that Kenneth D. Frey and Josephine Frey at all times have been, and now are, husband and wife; that on or about June 4, 1965, Caminol Company propounded certain interrogatories to the parties litigant, Kenneth D. Frey and Josephine D. Frey, and also to Walter G. Frey; that on or about June 28, 1965, the petitioners filed their written answers to the interrogatories stating their refusal to reply on the ground of the marital relationship between them and the existence of the privilege provided by section 1881, subdivision 1 of the Code of Civil Procedure; that on or about July 1, 1965, Caminol Company filed a motion in the Superior Court of Kings County for an order compelling petitioners to answer the respective interrogatories; that the respondent court "notwithstanding the objections of petitioners herein based on the marital privilege, granted the motion to compel petitioners to answer the interrogatories" with the proviso that the petitioners need not answer as to a certain phrase contained in Interrogatories Nos. 2, 4, 6, 8, 10, 12 and 14, which by stipulation consisted of conclusionary language. Petitioners further allege that on or about July 21, 1965, the respondent court made orders requiring each of the petitioners to answer the interrogatories addressed to him on or before mid-August 1965, except as to the portions of the interrogatories above

mentioned which were stricken by agreement by the parties and to pay to the Caminol Company the sum of $50 as reasonable attorneys' fees incurred in obtaining each order. The petitioners contend that each order was in excess of the court's jurisdiction, and they ask for a writ of prohibition restraining the court "absolutely and forever from taking any other proceedings against or making any other order directing the enforcement of the order compelling petitioners to answer the interrogatories."

The marital privilege is thus set forth in subdivision 1 of section 1881 of the Code of Civil Procedure: "1. A husband cannot be examined for or against his wife, without her consent; nor a wife for or against her husband, without his consent; nor can either, during the marriage or afterward, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other, or for a crime committed against another person by a husband or wife while engaged in committing and connected with the commission of a crime by one against the other; or in an action for damages against another person for adultery committed by either husband or wife; or in a hearing held to determine the mental competency or condition of either husband or wife."

Although as noted in *Stein* v. *Superior Court,* 174 Cal.App. 2d 21, 24 [344 P.2d 406], the marital privilege has not proven very usable, as developed by the decisions in this state, it is still a viable provision of the law and fully applicable in a proper case to testimony in court, in depositions and in required answers to interrogatories. (See also *Ayres* v. *Wright,* 103 Cal.App. 610 [284 P. 1077]; *Marple* v. *Jackson,* 184 Cal. 411 [193 P. 940]; *In re DeNeef,* 42 Cal.App.2d 691, 693 [109 P.2d 741].) However, the code section does not cover everything that a man and wife may be jointly or severally interested in, or make it incumbent upon either to remain silent irrespective of the factual material involved. For example, *In re Strand,* 123 Cal.App. 170, 172 [11 P.2d 89], holds that when a husband and wife join in bringing an action to recover damages for injuries sustained by her, such action amounts to a waiver of the marital privilege. And in *Rinehart* v. *First Cupertino Co.,* 154 Cal.App.2d 842 [317 P.2d 30] and *Hagen* v. *Silva,* 139 Cal.App.2d 199 [293 P.2d 143], it is pointed out

that when a husband and wife ask for affirmative relief from the opposing party, there can be no claim of the marital privilege. In *Sylvester* v. *Kirkpatrick*, 79 Cal.App.2d 443, 451-452 [180 P.2d 36], it is held that if the married defendants disclaim any interest in the subject matter of the suit and thereby become nominal parties only instead of actual contending litigants, they cannot rely upon the marital privilege. And as *Dean* v. *Superior Court*, 103 Cal.App.2d 892, 893 [230 P.2d 362], clearly points out, if "It is clear that answers to none of the specific questions asked of the wife would be evidence against her husband . . . ," the privilege is simply not involved.

Turning to the specific interrogatories asked of Kenneth D. Frey and Josephine D. Frey, it appears to this court that none of the questions requires an answer that would violate the marital privilege. The two Freys, Kenneth D. and Josephine, although husband and wife, are said to have executed several documents for himself or herself which presumably would establish individual liability as to each of them. Neither can refuse to answer questions relating to his or her own personal liability by any claim of the marital privilege.

Neither party is asked to answer concerning any action of his or her spouse.

The attorneys' fees were awarded by the court pursuant to the provisions of section 2034 of the Code of Civil Procedure; the trial court specifically found that the refusals to answer the interrogatories were made by the defendants "without substantial justification" and that expenses in the sum of $50 as to each set of interrogatories should be paid. The trial court was justified in doing so under the law and the facts.

The issuance of a peremptory writ of prohibition is denied, and the temporary stay of proceedings is set aside.

Brown (R. M.), J., and Stone, J., concurred.

A petition for a rehearing was denied October 13, 1965, and petitioners' application for a hearing by the Supreme Court was denied November 16, 1965.