PAUL A. ROCHE, GUARDIAN OF THE PERSON AND
ESTATE OF JOHN B. ROCHE, AN INCOMPETENT
PERSON, APPELLANT, *v.* THON PATRICK
SCHARTZ, RESPONDENT.

No. 5103

November 4, 1966          419 P.2d 779

*Peter Echeverria*, of Reno, for Appellant.

*Vargas, Dillon, Bartlett & Dixon*, and *Albert F. Pagni*,
of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, D. J.:

This appeal is taken from an order of the court below granting an involuntary dismissal under Rule 41(b),[1] Nevada Rules of Civil Procedure. Collaterally, appellant also contends that the respondent waived his privilege to preclude his wife's testimony when he agreed that her deposition might be taken before trial, and it was taken.

The action arose from an auto accident in 1957. John Roche, a passenger in a Jeep owned by the State of Nevada, was rendered incompetent by the accident, and this action was commenced by Paul Roche, his guardian ad litem. Defendant Thon Patrick Schartz was the driver of the other vehicle.

At the close of plaintiff's case in a jury trial the court

---

[1]Rule 41(b). *"Involuntary Dismissal: Effect Thereof.* For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits."

granted defendant's motion for an involuntary dismissal. The notice of appeal subsequently was filed by Roche.

There were no eye witnesses to the accident. All of the evidence is circumstantial based on the physical facts available after the accident. Schartz has no recollection of events leading to the collision.

On November 2, 1957, Schartz and his wife left Great Bend, Kansas, enroute to Reno, Nevada, to attend a convention via Albuquerque, New Mexico, and Las Vegas, Nevada. They were driving a 1956 Mercury automobile. The collision occurred approximately 6½ miles west of Fallon (about 47 miles from Reno), sometime between 1:00 p.m. and 1:55 p.m., November 4. The road was slippery from rain, snow and slush. At least one of the tires on the Mercury was smooth. Schartz was scheduled to attend a meeting in Reno at 2:00 p.m. He left Las Vegas early that morning, but was delayed because he initially became lost and some time elapsed before he was directed properly. He testified that at times he drove 70 to 75 miles per hour and at other times 40 to 50 miles per hour.

In the meantime, Leslie Lewis and John Roche, employees of the Nevada State Highway Department, were working along U.S. Highway 95 about seven miles southwest of the scene of the accident. Highway 95 is the main artery from Las Vegas to Reno and goes through Fallon. Lewis and Roche were called off work because of the adverse weather conditions and were told to return to the Highway Department office in Fallon. Lewis was the driver of the Jeep, Roche a passenger. Lewis was killed in the accident.

Plaintiff was driving generally east toward Fallon and defendant west toward Reno. There is a curve near the scene of the collision. A side road intersects a short distance from where the cars came to rest. All of the wreckage and debris was on plaintiff's side of the highway, although no precise point of impact could be determined. No skid marks were found. Both cars ended up a considerable distance apart on plaintiff's side of the highway. Damage to the Jeep was on the driver's left

front including the door, while the Mercury's damage was primarily to the front of the vehicle. A trail of oil approximately eight feet south of the center of the highway led to a puddle of oil under the Mercury.

1. The foregoing facts were constructed from the testimony of Schartz and other witnesses. Appellant contends that the physical facts create a reasonable inference that defendant was negligent. Defendant maintains that it is just as reasonable to infer that Lewis and Roche drove up a side road to deposit some lunch garbage and then returned to the main highway into Schartz's line of travel.

Defendant points to the physical location of the damage on both automobiles, the side road leading to the garbage dump at the accident scene, and that when Lewis and Roche were secured from work they were to remain and clean up the area and then were free to go, thus, the theory that the two men drove to the dump to dispose of the remnants of their lunch.

However reasonable the inferences which could be drawn in favor of the defendant, nevertheless, we adhere to the well-established doctrine that for the purposes of a dismissal under NRCP 41(b) plaintiff's evidence and all reasonable inferences that can reasonably be drawn from it must be deemed admitted and the evidence must be interpreted in the light most favorable to the plaintiff. Corn v. French, 71 Nev. 280, 289 P.2d 173 (1955), and Schmidt v. Merriweather, 82 Nev. 372, 418 P.2d 991 (1966), and cases cited therein. Physical facts may justify a jury finding that defendant is guilty of negligence and negligence may be inferred from the facts and circumstances of each case. Anderson v. Kearly, 20 N.W.2d 728 (Mich. 1945); Mitchell v. Stolze, 100 A.2d 477 (Penn. 1953). There may well be merit to defendant's theory of the case, but the function of the trial judge is not to determine the respective merits under a 41(b) motion. It is not for him to weigh or compare or balance the inferences in favor of the one party and against the other. Conflicting inferences from

known facts are for jury determination. Worth v. Reed, 79 Nev. 351, 356, 384 P.2d 1017 (1963).

We have here the physical facts from which inferences can readily and easily be drawn in favor of the plaintiff. The location of the damaged vehicles and the debris was on the plaintiff's side of the highway. Schartz had rounded a curve, the road was slick, at least one tire was smooth, and he was in a hurry because he was late for a meeting. We cannot say from these facts in a light most favorable to the plaintiff that as a matter of law no negligence on the part of the defendant was shown.

2. During the trial, plaintiffs called Mrs. Schartz as a witness. Defendants objected citing NRS 48.040[2] which prohibits a wife from testifying without her husband's consent. Plaintiff contends that because her deposition was taken prior to trial without objection that defendant thereby waived the protection of NRS 48.040. We do not agree. We need not decide the issue of waivers since the wife's testimony on deposition did not relate to the issue of liability. Dean v. Superior Court, 103 Cal.2d 892, 230 P.2d 362 (1951).

Reversed.

THOMPSON and COLLINS, JJ., concur.

---

[2]NRS 48.040. *"Husband and wife; when one cannot be witness against the other.* A husband cannot be *examined as a witness* for or against his wife without her consent, nor a wife for or against her husband without his consent; nor can either, during the marriage or afterwards, be, without the consent of the other, examined as to any communication made by one to the other during marriage. But this exception shall not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other." (Emphasis added.)